# Samuel Smithers v. Edmund Heather and another.

*Mortgage : Usury : Evidence.* Where, in a suit to foreclose a mortgage which the mortgagee has assigned to the complainant, a defense is set up that the mortgagee, in disposing of the mortgage to the complainant, was acting as the agent of the mortgagors, and received for the mortgage but about two-thirds of the amount thereof, and that all beyond the amount so received and interest, is usurious, and the testimony is otherwise equally balanced upon the question whether the complainant had knowledge that the mortgagee, in dealing with him, was acting as agent of the mortgagors, instead of on his own account, the fact that there was deducted from the price received on said mortgage, the amount of a large prior mortgage upon the same property, and of insurance provided for in the mortgage, is a controlling circumstance, corroborating the evidence of such knowledge.

*Mortgage : Usury.* The purchase of a mortgage under such circumstances, where the purchaser has knowledge that the mortgagee, in selling the same, is acting as the agent of the mortgagors, is, in effect, but a loan to the mortgagors upon the mortgage, of the amount actually received therefor; and as to the surplus, the mortgage is usurious and void.

*Heard July 13.    Decided October 8.*

Appeal in Chancery from Wayne Circuit.

*D. C. Holbrook,* for complainant.

*Hoyt Post* and *Newberry, Pond & Brown,* for defendants.

Campbell, J.

This is a suit in equity to foreclose a mortgage for thirteen thousand dollars, with ten per cent. interest, given by defendants to one Jacob B. Baker, to secure two notes of six thousand five hundred dollars each, payable in two years from September 29, 1869. Complainant received an assignment in January, 1870, for which he paid ten thousand, or ten thousand two hundred and fifty dollars, to Baker. The defense set up is, that he dealt with Baker, not on his own account, but as the agent of defendants, and

that all beyond the purchase money and interest, is usurious.

The evidence shows beyond doubt, that Baker had no personal interest in the mortgage, and had only been entrusted with it for purposes of negotiation. The notes were negotiable, and the question of knowledge or notice, becomes the material one in the case.

The only witnesses as to the bargain, are Baker and Smithers, who were the transacting parties. Baker swears positively that he informed Smithers in what capacity he was acting. Smithers denies this, and swears he supposed Baker to be the owner of the securities. In this conflict we must consider which witness is best corroborated by the established facts on which there is no dispute.

The property was subject to a prior mortgage to one Ismon, for about three thousand dollars. The mortgage also contemplated that the property should be kept insured. Upon making purchase of the mortgage, from Baker, Smithers testifies that a deduction was to be made of enough to pay up the Ismon mortgage, and insurance, so that Baker should only receive the balance, and that there was some discussion as to the amount to be kept insured, Baker being desirous to reduce it as far as possible, so as to lessen the premium. On these points, the testimony of Baker is not very different, except that he speaks of the amount to be insured as determined before at seven thousand dollars. Smithers took up the Ismon mortgage, and obtained it for a deduction of one hundred and fifty dollars from the sum actually due, fifty dollars of which seems to have been expended in legitimate expenses, and the balance of which he claims belongs to himself as his own profit. The payment of this mortgage was a part of the transaction, and Smithers was obliged, by the agreement, to take it up and have it cancelled, so as to deter-

mine the balance to be paid over, out of the sum he was to pay for the mortgage now in controversy.

. The property was, undeniably, good security for very much more than these incumbrances. If Baker owned, or professed to own, the notes and mortgage, in his own right, he could, when selling them to Smithers, have had no possible interest in having insurance paid, or in having the Ismon mortgage taken up out of his own money, or at all. He was selling a good security, drawing ten per cent interest, at a deduction of something more than one-third of its face; and it is impossible that he should have been willing to submit to a further deduction, reducing his receipts to less than one-half of the amount secured, without any advantage to himself, and entirely for the benefit of the mortgagors. Smithers does not pretend that he did not regard the mortgage as a good bargain at ten thousand dollars, and it is incredible that Baker, knowing this, would have thrown away a third of his funds to pay off debts in which he had no concern.

If the payment was made on behalf of defendants, it appears reasonable and natural; for they were interested in having the Ismon mortgage cancelled, and in paying the premium for which they had stipulated, if not already paid.

The testimony of Baker is corroborated, and that of Smithers contradicted, by these circumstances, which are very conclusive. We must hold that Smithers had knowledge that he was dealing in fact with an agent of the mortgagors, and that he was lending money, and not buying securities.

The defendants have a right, if they choose, to rely upon this defense. Allowing Smithers to have advanced a nominal sum of ten thousand two hundred and fifty dollars, on the 20th of January, 1870, and deducting there-

25 MICH.—57.

from one hundred dollars, which he claims as his share of the bonus for Ismon's discount of one hundred and fifty dollars (which he had no right to charge, as the money he paid was defendants'), he will be entitled to ten thousand one hundred and fifty dollars, with interest at ten per cent. from January 20th, 1870.

The decree must be modified by substituting for the principal and interest thereby required to be paid, the sum of ten thousand one hundred and fifty dollars, with interest at ten per cent. from January 20, 1870. The costs of the court below will remain, as the decree has made them, chargeable on defendants; but costs of this court must be paid by complainant, and must be deducted from the sum required to be paid by the defendants for principal, interest, and costs, under the decree. And the decree, as modified, must be sent to the circuit court for execution, and for further proceedings.

The other Justices concurred.