STEPHEN H. SMITH, IMPLEADED WITH FRANCIS J. PETER v. RODNEY G. HART, SURVIVOR OF HIMSELF AND JAMES TURRILL.

*Interest on deposits on account.*

A discount of fifteen per cent. is allowable if the transaction is a sale of paper, but not if it is a deposit on account upon which interest is to be exacted when drafts are made upon it.

Error to Lapeer. Submitted Oct. 17. Decided Oct. 31.

ASSUMPSIT. Defendants bring error.

*Geer & Williams* for plaintiff in error. There is no distinction in civil cases between buying and discounting paper, so far as usury is concerned, *Bossange v. Ross*, 29 Barb., 576; *N. Y. F. Ins. Co. v. Ely*, 2 Cow., 678; *Powell v. Waters*, 8 Cow., 669; *Salina Bank v. Alvord*, 31 N. Y., 473; *Fiedler v. Darrin*, 50 N. Y., 437; *Birdsall v. Patterson*, 51 N. Y., 43; the statutory rate of interest in Michigan is seven per cent., Comp. L., §§ 1632-3; *Smith v. Stoddard*, 10 Mich., 148; a partner may set up usury as a defense to a note against the firm without the consent of his co-partners, *Machinist's Bank v. Krum*, 15 Ia., 49.

*W. W. & M. N. Stickney* for defendants in error. One may buy paper at such rate of discount as he can obtain, *Rapelye v. Anderson*, 4 Hill, 472; *Holmes v. Williams*, 10 Paige, 326; *Ingalls v. Lee*, 9 Barb., 647; *Munn*

*v. Comiss. Co.*, 15 Johns., 55; *Rice v. Mather*, 3 Wend., 65; *Cram v. Hendricks*, 7 Wend., 569; *Churchill v. Suter*, 4 Mass., 162; *Shackleford v. Morriss*, 1 J. J. Marsh, 497; *Oldham v. Turner*, 3 B. Mon., 67; *Metcalf v. Pilcher*, 6 B. Mon., 529; *Saltmarsh v. Planters etc.*, 17 Ala., 768; *French v. Grindle*, 15 Me., 163; *Farmer v. Sewall*, 16 Me., 456; *Lane v. Steward*, 20 Me., 98; *Lloyd v. Keach*, 2 Conn., 179; *Tuttle v. Clark*, 4 Conn., 153; a lender, whether banker or broker, may charge a reasonable sum for his services, besides the discount, *Trotter v. Curtis*, 19 Johns., 160; *Suydam v. Westfall*, 4 Hill, 211; *Suydam v. Bartle*, 10 Paige, 94.

GRAVES, J. From April, 1871, until January, 1873, Smith and Peter were in partnership in the manufacture of pine timber. January 27, the partnership closed. Hart and Turrill were engaged in banking under the style of R. G. Hart & Co. Smith & Peter opened and kept a bank account with the latter firm, and when it began it was agreed between the parties that Hart & Co. should discount the shingle-paper of Smith & Peter at one and one-fourth per cent. a month. The agreement was verbal. January 13th, 1874, Peter gave a note in the firm name of "Peter & Smith" to the firm of R. G. Hart & Co. for a supposed balance of the bank account still standing, but with the understanding that errors in the account should be open to correction. The amount expressed was $1732.46, and it was made payable in sixty days with interest at ten per cent.

The action was brought on this note, and after issue was referred to three referees. They examined the dealings and accounts and found several errors, and finally reported that allowing fifteen per cent for discounts there was due Hart & Co. $229.82, but allowing seven per cent. there would be due only $109.51, and as a conclusion of law that judgment ought to be given for the sum of $229.82.

The circuit court affirmed the report and awarded

judgment accordingly. Smith complains that he was not liable for an allowance above seven per cent., and hence that it was error to enter judgment on the findings for any sum above $109.51.

The result depends on the interpretation to be placed on the facts as reported by the referees. If the transactions were mere purchases from Smith & Peter from time to time of such paper as they acquired in the course of their business operations of one kind or another and the purchases were made upon the terms that fifteen per cent. should be deducted or thrown off, the result was not erroneous. The law permits the purchase of paper already in existence and operative, at such rates as parties fairly agree upon. Where there is no deception or unfairness they are left to the influence of their own views concerning values and also in regard to the expediency of particular terms. It has not been deemed wise to hamper men in these matters by any rules implying their inability to take care of their own interests in the absence of any oppressive, cheating or misleading practice.

If, therefore, a proper view of the findings proves that the facts establish that the dealing was buying and selling paper, then the facts support the judgment for the amount it specifies. But if they fail to establish this and simply favor the conclusion that the manner of the business was for Smith & Peter to deposit their paper in account from time to time and to draw against it as they had occasion, and for Hart & Co. to strike balances at intervals and to compute interest at fifteen per cent. thereon, then the facts do not support the judgment for the amount expressed.

It would not be profitable to discuss the import of the findings in regard to this question. They are not very clear upon it. But a careful inspection of them induces belief that they do not show that the transactions consisted in buying and selling paper as before mentioned, but rather indicate—if they do not make out—

that the operations were as subsequently described. It follows that the judgment below should have been for $109.51 instead of $229.82.

The judgment should therefore be reversed with costs and one entered here for $109.51, with interest from the date of the referees' report, plaintiff to have costs of court below and defendant costs of this court.

The other Justices concurred.