## SECOR *v.* PATTERSON.

MORTGAGES—INCLUSION OF COMMISSIONS—USURY.

> Where a mortgagor, who was unwilling that the mortgage loan should be diminished by the commissions of the broker procuring it, agreed that the amount of such commissions should be included in the mortgage, the mortgage was not thereby rendered usurious.

Appeal from Gratiot; Daboll, J.   Submitted April 28, 1897.   Decided July 16, 1897.

Bill to redeem by Charles K. Secor and wife against Anna L. Patterson.   From the decree rendered, complainants appeal.   Affirmed.

*S. W. Stewart* and *James H. Pound,* for complainants.

*John H. Powell,* for defendant.

MOORE, J.   October 8, 1892, complainants made a mortgage to defendant, in which the consideration was stated to be $2,500.   February 25, 1893, there was paid upon this mortgage $500.   Foreclosure proceedings were afterwards commenced by the mortgagee by advertisement.   February 21, 1894, the property was bid in by the mortgagee for the sum of $1.715.   February 21, 1895, complainants filed this bill, and asked to have the foreclosure proceedings set aside for irregularities, and asked for an accounting to determine the amount due, and for leave to pay the amount found due upon said mortgage. In the bill the complainants averred that they "had offered to redeem the said mortgaged premises by paying the amount actually due upon said mortgage, and costs," and renewed the offer in the bill of complaint.   It was the claim of the complainants that, while the mortgage

was given for $2,500, but $2,000 was in fact paid, and that the mortgage was usurious, and that there was due upon it only the sum of $1,500. The circuit judge, August 17, 1896, made a decree in which he found that the mortgage was usurious, and decreed that complainants be allowed to redeem the premises ''upon the payment, and that they do so pay, within 60 days from date of this decree, into this court, to abide the further order of the court as to its distribution," the amount for which the land was sold, and in default of payment it was decreed that the foreclosure sale stand, and complainants' bill be dismissed. Complainants appeal from this decree, assigning a good many errors. Inasmuch as this is a bill to redeem, in which they offer to pay what is due upon the mortgage, it is not necessary, in any view of the case, to discuss many of the assignments.

The testimony in the case is very conflicting, and it cannot all be harmonized. We think, however, it appears by a preponderance of the testimony that, for some months prior to the giving of this mortgage, the complainant Charles K. Secor, who had a power of attorney at that time to act for his wife and to sign her name, was in straitened circumstances. He had for some weeks been endeavoring to obtain a loan of $2,000 upon real estate, most of which was at Sickels, in Gratiot county. The evidence discloses that he had said to several persons, if they would get $2,000 for him, he would pay $500 commission to the person procuring the loan. He at that time was engaged in building a number of houses, and it was important that he should have this amount of money to pay for labor and material. He stated to parties that, if he could get that amount of money, it would save him a loss of $20,000. It also appears from the testimony that he made this offer to one John H. Powell, a lawyer and broker, living in Detroit. Mr. Powell made several efforts to find the money without succeeding. The security offered was, in the main, away from Detroit. Capitalists in that city did not care for the loan. Mr. Powell had

done business for the defendant, and knew that she some-
times had money, and he brought about an interview
between Mr. Secor and the defendant, which resulted in
the defendant's agreeing to furnish complainant $2,000.
The complainant insists that the arrangement was made
at the house of the defendant, and that he was to pay her
$2,500 and interest for $2,000.  She insists that the ar-
rangement was made in Mr. Powell's office, and that she
was to furnish $2,000, if the security was good, for
which she was to receive $2,000 and interest, and that
there was never any talk of paying her any bonus.  It was
finally arranged that Mr. Powell should visit the property
at Sickels, and, if he reported favorably, the money
should be furnished.  Mr. Powell and Mr. Secor visited
Sickels, and looked over the property, Mr. Secor paying
the expenses.  Mr. Powell reported that he did not think
the property was good security for the amount of money.
An arrangement was then made by which two houses, for
the erection of which the money obtained was to be in part
used, were to be conveyed as security in addition to the
mortgage, the houses to be reconveyed upon the payment
of $500 for each house.  The $500 that was paid on the
mortgage in February was realized from a conveyance of
one of these houses.  Mrs. Patterson finally procured the
money, and delivered it to Mr. Powell for Mr. Secor, who
in turn assigned it to Mr. Sickels.  All the money was
needed by Mr. Secor and Mr. Sickels, and the question
arose as to how Mr. Powell was to be paid.  The testi-
mony could not well be more conflicting than it is about
this feature of the case, but, in view of the situation of
the parties and the testimony, we think it is established
with reasonable certainty that Mr. Secor proposed to give
Mr. Powell a second mortgage for the $500 commission
that was to go to him; that Mr. Powell objected, and pro-
posed that his $500 be included in the mortgage with Mrs.
Patterson's $2,000, Mrs. Patterson to pay him when it
was collected from Secor, and that, all the parties assent-
ing to this, it was done.  Mrs. Patterson says that up to

this time she had no knowledge that any bonus was to be paid; that no part of the $500 was for her benefit; that she has never made any claim to it for herself, and does not now; and we think she has established her contention, in that respect, by a preponderance of the evidence.

Regarding these facts as established, there was due Mrs. Patterson, after indorsing the $500 paid her, and after deducting the bonus that was to go to Mr. Powell, all that she bid for the property. Is the mortgage, under the circumstances established, usurious? Complainants cite, in favor of the proposition that it is usurious, Act No. 156, Pub. Acts 1891; *Smithers* v. *Heather*, 25 Mich. 447; *Smith* v. *Hart*, 39 Mich. 515; *Havens* v. *Jones*, 45 Mich. 253. These citations simply establish that, when usurious interest is provided for, no interest at all, under the law as it has existed since 1891, shall be allowed. While the bargain made between Mr. Secor and Mr. Powell for the payment of $500 for the services rendered was a hard bargain, it was not an illegal bargain. It would hardly be pretended that, if Mr. Powell had been paid the money, it could be recovered back, or, if Mr. Secor had given Mr. Powell a second mortgage to secure this commission, that it could not be enforced. The rights and duties of a broker employed to secure a loan depend upon the same principles which govern the broker who undertakes to find a purchaser of property. The loan broker is entitled to his commissions when he has procured a lender who is ready, willing, and able to lend the money upon the terms proposed. Mechem, Ag. § 970; *Vinton* v. *Baldwin*, 88 Ind. 104 (45 Am. Rep. 447). Mr. Powell agreed to do a certain thing for an agreed price. He had performed on his part, and was entitled to be paid. As Mr. Secor could not pay him in money, it was competent for them to provide how the payment should be secured. That was done, and the consideration for the giving of the mortgage was the $2,000 furnished by Mrs. Patterson and the debt to Mr. Powell. We do not think the mortgage was usurious.

The defendant has not appealed, so that all we can do is to affirm the decree of the court below.

Decree is affirmed, with costs of this court to defendant.

The other Justices concurred.