GERASIMOS *v.* DETROIT LIFE INSURANCE CO.

1. USURY—BONUS EXACTION NOT PROVEN.

In a suit by a mortgagor to enjoin the foreclosure of a mortgage on the ground that he was forced to pay the mortgagee a bonus, thus rendering the loan usurious, record *held*, to sustain the mortgagee's claim that no bonus was paid.[1]

2. SAME—BROKERAGE FEE.

The payment of a brokerage fee to a third party to secure a loan does not render the loan usurious.[2]

3. SAME—ONE CLAIMING USURY HAS BURDEN OF PROOF.

A mortgagor who claims that the loan was usurious has the burden of proof to make his case.[3]

Appeal from Wayne; Miller (Guy A.), J.   Sub-

---

[1]Usury, 39 Cyc. p. 1056 (Anno); [2]Id., 39 Cyc. p. 979; [3]Id., 39 Cyc. p. 1051.

mitted June 9, 1925.    (Docket No. 67.)    Decided July 16, 1925.

Bill by Theodore Gerasimos and another against the Detroit Life Insurance Company to enjoin the foreclosure of a mortgage. Defendant filed a cross-bill to quiet title. From a decree for defendant, plaintiffs appeal. Affirmed.

*John W. L. Hicks*, for plaintiffs.

*Frank H. Watson* and *Patrick H. O'Brien*, for defendant.

Fellows, J.    Plaintiffs are husband and wife and file this bill setting up that they executed a mortgage to the defendant upon property owned by them in Detroit for the sum of $15,000 of which they allege they only received $12,000, and claim that $3,000 was exacted by defendant as a bonus. Other allegations appear in the bill upon which no proof was introduced and for which nothing is now claimed. The mortgage had been foreclosed and the period of redemption was about to expire. No tender of what they claimed was due was made. Upon filing the bill an injunction was issued on the *ex parte* application of plaintiffs. Defendant by its answer expressly denies that it received $3,000 or any other sum as a bonus and by way of cross-bill asks that its title to the property purchased at foreclosure be quieted. The trial judge dismissed plaintiffs' bill and entered decree on defendant's cross-bill.

The business was conducted for the plaintiffs by the husband and for the defendant by its general counsel. Their testimony is in direct conflict. Plaintiff stoutly insisted in his testimony that there was deducted $3,000 as a bonus and defendant's general counsel as stoutly insists that no bonus was paid to him or the

company but that $2,000 was paid his son as a broker's commission for procuring the loan, no part of which ever came to the possession of him or the company. The defendant further claimed that plaintiff misrepresented the amount of the mortgages on the property; that it was obliged to pay these mortgages in order to make its mortgage a first mortgage, and that it in fact advanced several hundred dollars in excess of the amount of the mortgage. The record and documentary evidence all sustains defendant's claim. Defendant produced the checks and other memoranda having to do with this loan; the checks total $15,747.47, including one for $2,000 to the son of defendant's general counsel; there was also produced a written order signed by plaintiff, Theodore Gerasimos, directing the payment of this sum. There was also produced his unsecured note to defendant which has not been paid. There was no check or combination of checks that sustained plaintiff's claim that he paid a bonus of $3,000. This testimony must have convinced plaintiffs' counsel that at least his client was mistaken. After the close of the proofs he insisted that the $2,000 check to the son was really the payment of a bonus and that is the only claim here made.

It is possible that defendant's general counsel is subject to criticism for aiding his son in procuring this general commission. But the payment of a brokerage fee to a third party does not render the loan usurious (*Secor* v. *Patterson,* 114 Mich. 37, in which it was said) :

"While the bargain made between Mr. Secor and Mr. Powell for the payment of $500 for the services rendered was a hard bargain, it was not an illegal bargain. It would hardly be pretended that, if Mr. Powell had been paid the money, it could be recovered back, or, if Mr. Secor had given Mr. Powell a second mortgage to secure his commission, that it could not be enforced. The rights and duties of a broker employed to secure a loan depend upon the same prin-

ciples which govern the broker who undertakes to find a purchaser of property. The loan broker is entitled to his commissions when he has procured a lender who is ready, willing, and able to lend the money upon the terms proposed."

We are satisfied on this record that no part of this $2,000 was returned to defendant or its general counsel. The burden was on plaintiffs to make their case. The trial judge who heard and saw the witnesses concluded they had not sustained the burden. In this conclusion we agree.

The decree will be affirmed, with costs of this court.

McDONALD, C. J., and CLARK, BIRD, SHARPE, MOORE, STEERE, and WIEST, JJ., concurred.