LAURA E. RUSSELL *vs.* WILLIAM B. REED.

April 17, 1884.

**New Trial—Surprise.**—Where a written instrument, which a party with good reason believed to be lost, was unexpectedly produced at the trial by the opposite party to the suit, who was not entitled to its possession, and on its face disclosed an erasure and apparent alteration, which it was material for the former to explain, but which he was unable to do, in the absence of the notary who witnessed its execution, but whose evidence was not discovered to be material until after an inspection of the instrument, subsequent to the trial, *held*, under all the circumstances, to constitute a case of legal surprise for which a new trial should be granted.

**Trial—Specific Questions to Jury.**—The court may, in an equity case, of its own motion submit specific questions of fact to a jury for their determination.

Appeal by defendant from an order of the district court for McLeod county, *Macdonald*, J., presiding, refusing a new trial.

*L. Van Slyck* and *Stringer & Seymour*, for appellant.

*Edson & Schoregge* and *Peck & Little*, for respondent.

VANDERBURGH, J. This is an action to restrain the defendant's foreclosure of a certain mortgage executed by plaintiff and her husband, and for a cancellation thereof, on the ground of a fraudulent alteration, in a material part, subsequent to its execution. The mortgage, as recorded and disclosed by the foreclosure notice, purports to secure the sum of $1,700 principal, according to the condition of six notes, payable at different dates, in which the interest is computed and included to the maturity thereof, which interest it appeared on the trial was 11 per cent. The complaint charges that the mortgage was made to secure four notes only, and that the alteration consisted "in the addition of two other promissory notes for about $400 each, thereby increasing the indebtedness in said mortgage about $800." The case was tried by a jury, which found specifically, upon questions submitted, that the mortgage was given to secure four notes, and that it had been materially altered, and the amount thereof increased. Defendant moved for a new trial, upon a statement of the case and affida-

vits, chiefly on the ground of surprise at the trial which ordinary prudence could not have guarded against.

The objection that the issues for the jury were not formally settled was properly overruled. While it is the better practice that issues for the jury in an equity case should be so settled, after hearing counsel, to the end that the form and sufficiency thereof may be fully considered, there is no doubt of the power of the court, under the statute, of its own motion to submit specific issues of fact to a jury, as was done in this case.

The alleged surprise consisted in the production at the trial, by the plaintiff, of the original mortgage, which the defendant had lost after it was recorded, as he supposed through the mail, and which he alleges plaintiff had wrongfully detained from him. Its production was altogether unexpected to defendant, and, as he claims, he was seriously prejudiced in not being prepared with evidence to explain an alteration apparent on the face of the mortgage, in that the word "six" appears written over an erasure of "four" before the word "notes" in the condition of the mortgage. It appears from the record that he had no reasonable ground to anticipate the production of this evidence, and that he is able to show by the testimony of the witness De Kay, who took plaintiff's acknowledgment and witnessed her execution thereof, and of the six notes secured thereby, that the same has not been altered in any particular since its execution. Defendant, therefore, clearly makes out a case of legal surprise, and the evidence of De Kay is so material and important that it would seem likely to change the result upon another trial unless discredited.

We have carefully examined and considered the allegations and proofs in this case, and we are satisfied that it is fair to presume that the jury were largely influenced by the evidence of such apparent alteration, and it would seem that defendant needed no other preparation than actually made by him to meet the case which, under the circumstances, he had reason to expect the plaintiff would be able to make against him. Plaintiff was not able to testify that the six notes produced at the trial, and answering to the description in the mortgage, are not genuine, and the jury have not found that they are not. She states generally that she signed but four notes, but there is no

other evidence that the description of the six notes in the mortgage was inserted after its execution, or that it has been altered except in the single particular mentioned; and making allowance for slight inaccuracies in computation of the interest included in the notes, the present worth of the six notes at the date of the mortgage is, respectively, $300, $386, $332, $284, $243, and $321. The amount has not, therefore, been increased, as alleged, and the discrepancy or excess of the sum total of the principal of the six notes, being about $160, is claimed by defendant, in his evidence, to represent a sum agreed to be advanced to the mortgagors—whether correctly or not we need not consider here.

Plaintiff's principal contention is that defendant was guilty of laches in failing to secure the attendance of the witness De Kay at the trial, or at least in not promptly moving for a continuance when the mortgage was produced. In answer to this it is urged, and we think, under all the circumstances, satisfactorily, that as the witness was only needed to explain the erasure, ordinary prudence would not require his presence when there was no reason to apprehend the production of the mortgage. It is not inexcusable laches or lack of ordinary prudence for a party not to be prepared to meet evidence, the introduction of which on the trial is clearly a surprise. And, besides, it is uncontradicted that, before the trial, both defendant and his counsel had interviews with the witness, and were assured by him that he was unable to recollect any material facts about the transaction unless he could first inspect the mortgage, which was understood to be lost, and that it would be useless to subpœna him. *Knox* v. *Bigelow,* 15 Wis. 415. Years had elapsed since the execution of the mortgage, and the defendant could not know at the trial, and until an opportunity of inspecting the instrument was afforded the witness, what he might expect to prove by him, so as to be able to make the proper application for a continuance; and the witness was not accessible at the time, since his residence was in Dakota county, while the trial took place in McLeod county. It would doubtless have been the better and safer course to have applied to the court to arrest the trial and grant a continuance, upon such showing as the party might make. Yet, in view of the previous statements of the witness, and

of defendant's ignorance of what he would swear to in the premises, and of his uncertainty whether he would be able to find any additional evidence to explain the erasure in the mortgage, we do not think the failure to make such application inexcusable. The rule is not inflexible, and is to have a reasonable application. The defendant seems to have acted in good faith, and to have made his motion promptly after the trial and the discovery of what De Kay could testify to after inspecting the mortgage. The case is an important one, and upon the record—which must be taken as true for the purpose of determining the question before us—it must be assumed that the trial resulted in great injustice to the defendant. Under all the circumstances of the case, we are of the opinion, therefore, that a new trial ought to be granted.

As we base our decision on the ground of surprise, we do not deem it material to consider the other points discussed by the trial court.

Order reversed.