Edward P. Davis et al. v. C. H. Sloman.

[FILED NOVEMBER 20, 1889.]

1. **Negotiable Instruments:** USURY: AGENT'S BONUS IS NOT. In an action upon three promissory notes the defense was usury and part payment. The testimony was conflicting as to the true nature of the transaction. One M. S. testified in substance that he acted as a broker for the borrowers and procured the loan for them and indorsed the original note for the borrowed money, for which he was promised by the borrowers the sum of $400 for his services. *Held*, That an instruction set out in the

opinion was properly given, and that if M. S. acted as the agent of the borrowers in procuring the loan, the bonus received by him would not taint the transaction with usury.

2. ———: SET-OFF. An instruction that the jury might find the whole of the set-off to which the defendants were entitled and prorate the same and deduct from the different notes the proper amount so found, *held*, not erroneous.

ERROR to the district court for Douglas county. Tried below before HOPEWELL, J.

*R. S. Ervin*, for plaintiff in error:

The instruction as to the loan, agency and commissions is erroneous, being misleading and without evidence to support it. ( *Williams v. State*, 6 Neb., 334; *Holmes v. Boydston*, 1 Id., 358; *Dunbier v. Day*, 12 Id., 596; *Frederick v. Ballard*, 16 Id., 564; *Washington Ins. Co. v. Merchants', etc., Ins. Co.*, 5 O. St., 450; *Mutual Hail Ins. Co. v. Wilde*, 8 Neb., 431; *Housel v. Thrall*, 18 Id., 487; *U. P. R. Co. v. Ogilvy*, Id., 638; *Newton Wagon Co. v. Diers*, 10 Id., 285; Thompson on Charging the Jury, sec. 68, p. 97; *City Belt v. Goode*, 31 Mo., 128.) There is error in the instruction assessing the amount of recovery.

*Offutt & English*, and *H. C. Brome*, for defendant in error:

The testimony warrants the first instruction complained of. As to the second, a defendant cannot complain of errors personal to himself and not applicable to co-defendants unless he file a separate motion for a new trial and a separate petition in error. (*Long v. Clapp*, 15 Neb., 423; *Real v. Hollister*, 17 Id., 666; *Boldt v. Budwig*, 19 Id., 745; *Hoke v. Halverstadt*, 22 Id., 421.)

MAXWELL, J.

Three actions at law were brought in the district court of Douglas county upon three promissory notes given by the

plaintiffs in error to the defendant in error. The actions were afterwards consolidated, whereupon the plaintiffs in error filed an amended answer setting up the defense of usury to the three notes, and for a second defense allege certain payments and set-offs against said notes. On the trial of the cause three separate verdicts were returned. One for $1,563.37, one for $734.99, and the third for $734.99, and a motion for a new trial having been overruled, judgment was entered on the verdicts.

The testimony tends to show that on the 19th of September, 1887, the plaintiffs in error made a note for $4,000 and delivered the same to M. H. Sloman, who thereupon drew a check on an Omaha bank in their favor for $3,600. There is a conflict in the testimony as to the payee of this note. The defendants testify that it was drawn in favor of C. H. Sloman, while the plaintiff testifies that it was payable to the Bank of Commerce, of Omaha. The note was not produced on the trial and the testimony on that point is not entirely satisfactory. The business was transacted by Morris Sloman, the husband of the defendant in error.

He testifies that the money was borrowed for the plaintiffs in error of the Bank of Commerce, and that to procure the loan he indorsed the note and was to receive $400 therefor. Hence the note was made for $4,000, although the makers thereof received but $3,600 thereon. This being the condition of the testimony, the court instructed the jury as follows:

"You are further instructed that so far as this action is concerned it is immaterial whether or not the note of $4,000 executed in September, 1887, was made payable to the plaintiff, C. H. Sloman, or to the Bank of Commerce; under the pleadings and proofs, the plaintiff is entitled to a verdict less the amount due defendants as a set-off, which must be determined by you, under the evidence and instructions here given. And in arriving at a conclusion on that point you are instructed that if you find and believe

from the evidence under instructions given by the court, that in making the loan [to] the Kaufmans in September, 1887, the plaintiff acted simply as an agent of the Kaufmans in procuring said loan, and that the $400 retained by them was agreed upon and was paid them by the Kaufmans as a commission for procuring said loan, then in that event the plaintiff would be entitled to receive such commission and the said $400 could not be set off in this action."

The substance of Sloman's testimony is that he acted merely as a broker in procuring at their request a loan for the plaintiffs in error, and that to procure the same he was compelled to sign the note, and that the plaintiffs in error agreed to pay him four hundred dollars for these services. If this testimony is true, he would be entitled under the contract to the amount agreed upon. The truth or falsity of the testimony was for the jury to determine, but the question must be fairly submitted to them, which seems to have been done. The note seems to have been renewed on the 21st of December, 1887, by giving one note for $2,100, due in sixty days, and one note for $1,000, due in ninety days. Partial payments were also made on the notes, the exact amount of which is uncertain. On renewing the notes Sloman seems to have charged the plaintiffs in error $200 for his services, but no particular point seems to be made on this.

Objection is also made to the fourth instruction, which is as follows: " In determining the amount of set-off to be allowed against each note sued upon, you may properly determine, first, the whole of the set-off to which defendants are entitled, and then prorate the same and deduct from the different notes, and bring in your separate verdicts in each case, provided that if you find the $1,000 note sued on in case No. 197, Docket 7, was a renewal of one of the October notes under instruction, then you can duly prorate as to the set-off proper in the other two

cases." It is claimed that the effect of this is to charge some of the plaintiffs in error more than their just proportion of the amount due. So far as appears the makers of the notes are jointly liable thereon, and were jointly entitled to any set-off which might be proved against the notes. The case seems to have been tried on that theory and it is now too late to raise the objection. Upon the whole case there is no reversible error in the record, although we are not entirely satisfied that the whole scheme was not a device to evade the usury law; but the questions presented were peculiarly of a nature for the consideration of a jury, and we cannot say that the verdict is wrong.

The judgment is therefore affirmed.

JUDGMENT AFFIRMED.

THE other Judges concur.