(Opinion published 55 N. W. Rep. 1129.)

---

## ADA A. PAYNE vs. LOAN & GUARANTY CO. OF CONNECTICUT.

Submitted on briefs May 26, 1893. Affirmed July 21, 1893.

### Action to Cancel a Mortgage.

Where a mortgagee, without proper excuse, refuses to pay over to a mortgagor the full amount of the loan agreed upon, an action can be maintained by the latter to cancel the note evidencing the debt, and to satisfy and discharge the mortgage of record, proper terms being imposed by the court in its decree as to a repayment of that portion of the amount of the loan which had been received by the mortgagor.

### Rulings Rejecting Evidence Reviewed.

Various rulings of the trial court excluding testimony offered by the defendant's counsel considered and disposed of.

Appeal by defendant, the Loan & Guaranty Company of Connecticut, from an order of the District Court of Meeker County, *Gorham Powers,* J., made August 31, 1892, denying its motion for a new trial.

On May 1, 1890, the plaintiff, Ada A. Payne, wife of Robert Payne, agreed with defendant to borrow of it $1,400 for five years and pay interest at the rate of seven per cent. a year. She and her husband made their note for the amount, and to secure its payment, they at the same time executed a collateral mortgage to defendant, on her farm of one hundred and sixty acres in Meeker County. The note and mortgage were then delivered to Stevens & Co. of Litchfield, and that firm caused the mortgage to be recorded, June 7, 1890.

and to be entered on the abstract of title, and then delivered the note, mortgage and abstract, to defendant's agents, Stoddard & Co. of Minneapolis. This last-named firm sent the papers to defendant's home office at Hartford, Conn., received the amount, $1,400, deducted a commission of three per cent., $42, and sent the balance, $1,358, on June 26, 1890, to Stevens & Co., to be delivered to the plaintiff. Stevens & Co. became insolvent, and she never got but $565 of the money. She repeatedly asked Stevens & Co. for the balance, but never was able to obtain it. She paid the interest on her note and mortgage to January 1, 1892, and then brought this action in equity, offering to return the money she had received, and asking to have her note and mortgage surrendered and canceled. The court ordered four questions in issue submitted to a jury, but when the evidence was all given, instructed the jury to return a general verdict for plaintiff, presumably because the uncontradicted evidence showed Stevens & Co. to be the agents of the defendant. *Larson* v. *Lombard Invest. Co.*, 51 Minn. 141.

The defendant excepted. The jury rendered their verdict as follows: "We, the jury, find a verdict for the plaintiff." No findings of fact or conclusions of law were made or filed by the judge. A case containing exceptions was made, but no certificate of the judge was obtained stating it contained all the evidence given on the trial, or any of it. In this condition of the action, defendant moved for a new trial, on the grounds that the verdict was not justified by the evidence, and for errors of law occurring at the trial and excepted to by it. The motion was denied, and it appealed. Here the parties argued the case on the merits and made no mention of the practice.

*A. Humphreys* and *Keith, Evans, Thompson & Fairchild,* for appellant.

*E. A. Campbell,* for respondent.

Collins, J. A good cause of action was stated in the complaint herein, and the relief demanded was perfectly proper. The objections made by defendant's counsel upon the trial really amounted to a claim that, upon the allegations found in the pleading, plaintiff was not entitled to the relief demanded, which was the satisfaction and cancellation of her note and mortgage, with such other

and further relief as was just. Even had such an objection to the complaint been raised by demurrer, it would have been of no avail. *Connor* v. *Board of Education.* 10 Minn. 439, (Gil. 352.) The delivery of plaintiff's negotiable promissory note and real-estate mortgage, although the design was to immediately place the latter on record, was really conditional, the condition being that the amount agreed upon and represented by the note should be paid over to the mortgagor. She was not obliged to accept a less sum, nor was she compelled to resort to an action at law to collect that portion withheld by the defendant corporation, if any there was. If the latter failed to fully comply with the terms of its agreement, full and adequate relief could not be had short of a return of the note and a satisfaction of the record of the mortgage, proper terms being imposed by the court as to payment of that part of the loan which had come to the hands of the plaintiff mortgagor, and which, according to the pleadings, she had offered to return and pay. Her right to the relief could not be made to depend upon the solvent or insolvent condition of the mortgagee, nor could she be deprived of this relief because a part of the money had been paid over to her. We are of the opinion that a sufficient demand for the unpaid portion of the loan was shown. There was no real controversy about this on the trial. Unquestionably the money had been sent by defendant company to Stoddard & Co., at Minneapolis, and by that firm forwarded to Stevens & Co., at Litchfield; and plaintiff's agent had repeatedly endeavored to obtain it from the latter firm, but without success.

Appellant's counsel assign as erroneous various rulings of the trial court excluding testimony offered for the purpose of showing that Stevens & Co. were respondent's agents, and not the agents of their client, and this was the real question in the case. Of this class of testimony was the application for a loan offered by the defense, and excluded by the court. The paper did not purport to bear the plaintiff's signature, or to have been made by her personally, but was signed "Addie Payne, Applicant, by R. J. Payne." Without referring to the discrepancy between the plaintiff's Christian name "Ada" and that of "Addie," it may be said that the court could not assume that the signature "R. J. Payne" was that of plaintiff's husband and conceded agent, and no attempt was

made to prove or identify the alleged signature to be his. The court was right when holding that no foundation had been laid for the introduction of this paper as against the plaintiff's objection.

Upon objection being made by plaintiff's counsel the court refused to allow defendant's witnesses to answer several questions, which, in the absence of other evidence, might have had a bearing upon the main issue between the parties. Such, for instance, as the question respecting a correspondence between Stevens & Co. and defendant in relation to this and other loans, and whether the former were furnished by the latter with blanks upon which to make applications for loans. The court below may have been somewhat strict in its rulings, but, when made, the officers of the defendant corporation had already testified that they did not know Stevens & Co.; that the correspondence was with Stoddard & Co., and with no one else; that the application came through Stoddard & Co., and that blank applications were not furnished by defendant, but were gotten up by Stoddard & Co. for their own use. Had the questions been answered favorably to defendant, the evidence would have been mere repetition. No harm could have resulted by its exclusion, and hence the rulings, if wrong, did not constitute prejudicial error.

The certificate of the trial judge fails to state that the settled case contains all of the evidence produced upon the trial, and the fact cannot be inferred from anything appearing in the record. Hence we are unable to pass upon appellant's eighteenth specification, that the court erred when directing a general verdict in plaintiff's favor. Error in this respect has not been made to appear.

Order affirmed.

(Opinion published 55 N. W. Rep. 1128.)