Louis H. Grieser *et al. vs.* Martin O. Hall.

Submitted on briefs Jan. 2, 1894. Affirmed Jan. 5, 1894.

No. 8485.

**Findings supported by the evidence.**

The findings *held* to be justified by the evidence.

Appeal by plaintiffs, Louis H. Grieser and Emil Hartman, from an order of the District Court of St. Louis County, *L. L. Baxter*, J., made July 24, 1893, denying their motion for a new trial.

On March 3, 1892, at Duluth, the plaintiff, Louis H. Grieser, borrowed of Alice King $1,300 for ninety days and he, and Emil Hartman as his surety, gave her their note for the amount, bearing interest at the rate of ten per cent. a year. He also left with her as security forty nine shares of the capital stock of the Minnesota Point Street Railway Company. After the note fell due, she sold it to the defendant, Martin O. Hall and delivered it and the stock to him. On August 15, 1892, the plaintiffs renewed the note by giving Hall a new one for $1,326.29, dated that day, due in sixty days, and bearing interest at ten per cent. a year and left the stock with him as collateral security. They commenced this action November 10, 1892, to have this note cancelled and to obtain the stock, alleging that the note to Alice King was void for usury at its inception. On the trial she testified that Wallace Warner came to her as agent of the borrowers and she agreed with him about the loan; that he told her he always charged the borrowers one per cent. for finding money for them, and that in this instance he would give her his commission, $13, and did so. The Court found that no agreement was made by Alice King whereby any part of the money she loaned was to be received or retained by her as interest or bonus for the use of the money, and ordered judgment for defendant, saying:

"It was the intention of both Warner and Grieser to make the loan usurious. They admit it in their testimony and they only failed in their purpose for want of the consent of Alice King to enter into the arrangement.

*Wilson & Taylor* and *George L. Spangler*, for appellants.

*Cotton & Dibell*, for respondent.

MITCHELL, J. The issue in this case was purely one of fact, and the only question presented by this appeal is whether the evidence was sufficient to justify the finding of the court that the original promissory note, (of which the note in suit was a renewal,) executed by plaintiffs to Mrs. King, was not usurious.

We think the court may well have found that Mrs. King supposed that Warner was plaintiffs' agent to secure the loan, and not her agent in making it, and that as such he was entitled from them to a commission, of which he voluntarily gave her the benefit. This version of the transaction, which was justified by Mrs. King's testimony, was entirely consistent with the conclusion that there was no intention on her part to take or contract for more than the legal rate of interest for the use of the money loaned, which is always an essential constituent of usury. The existence of this corrupt intent is always a question of fact to be collected from the whole of the transaction as it passed between the parties.

Moreover, the attitude which both plaintiff Grieser and his principal witness, Warner, occupied with reference to the matter was not calculated to commend their testimony to the special favor of the court.

Order affirmed.

(Opinion published 57 N. W. Rep. 462.)