Polk County Savings Bank v. T. A. Harding and H. Galley, Appellants.

**Usury:** RENEWALS: *Jury question*   Defendant negotiated the loan from W., a loan agent, on his note, which was renewed several times on the security, part payments being made from· time to time, and W. charging a commission on each renewal. In an action on the renewal note, by the owner, wherein a defense of usury was pleaded, W. testified as to the original transaction, that when defendant applied for the loan he told defendant he did not have the money, but might be able to negotiate a loan for him, and afterwards told him that he could fix it; the difference in the face of the note and the amount paid being the commission charged. The defendant testified that W. said positively he could let defendant have the money and that he would charge a certain amount for it. *Held*, that the evidence was conflicting as to usury connected with the first note, and hence it was error to withdraw such question from the jury, the usury inhering in the subsequent notes as well as in the first.

SPECIAL FINDINGS. In an action on the note where the defense was usury, a finding that the alleged usurious payments were made to an agent as a compensation for negotiating a loan, rendered immaterial the contention that plaintiff, the owner of the note, knew that the agent was making this charge.

INSTRUCTION DISAPPROVED. In an action on a renewal note for a loan effected through a loan agent wherein the defense of usury was pleaded, the court instructed, after explaining the difference between a renewal and a discount, that if the transactions made through the agent were renewals of the one note between plaintiff and defendant and the plaintiff received more than the legal rate of interest for the use of its money, then

usury was charged; but, if the tranactions were the discounting of new notes, no usury was charged. *Held*, that the instruction did not make plain 'the issue, which was whether the discounts were paid to the loan agent, as agent for the defendant, in negotiating the loan, or whether for himself as lender; and hence, a finding for plaintiff was erroneous, the evidence not supporting a finding that each note was a new indebtedness.

*Appeal from Polk District Court.*—HON. C. P. HOLMES, Judge.

FRIDAY, APRIL 12, 1901.

ACTION upon a promissory note executed by the defendants January 25, 1897, for $550, payable, one month after date, with 8 per cent. interest, to T. A. Harding, at the office of George G. Wright, Jr., Des Moines, Iowa, and indorsed as follows: "I hereby guaranty the payment of the within note at maturity, or any time thereafter to which it may be extended at the request of the maker or makers, or either of them, waiving demand, notice, and notice of protest. [Signed] T. A. Harding." Plaintiff alleges that it purchased the note from George G. Wright on or about the eighth day of February, 1897. Defendants answered in two counts pleading usury. Verdict and judgment in favor of the plaintiff. Defendants appeal. The defendant Harding being principal in this note, he alone will be referred to as the defendant.—*Reversed.*

*Barcroft & McCaughan* for appellants.

*Cummins, Hewitt & Wright* for appellee.

GIVEN, C. J.—I. In July, 1891, the defendant Harding applied to George G. Wright, Jr., for a loan of about $1,300 for 30 days, with defendant Galley as surety. Wright soon after informed Harding that he could have a loan, whereupon Harding and Galley executed their note for $1,045, due in 30 days, with 8 per cent. interest after due, and delivered it to Wright, and received

from him the amount, less interest at 8 per cent. for the 30 days and the 3 days of grace, and $22.25 retained by Wright. Wright got the money from the plaintiff bank, and turned over the note to it. This note was payable to and indorsed by Harding, the same as the note in suit. At the maturity of this note a second was given in its place, and it surrendered, and from time to time thereafter, upon the maturity of each note, another was given in its place, up to January 25, 1897, when the note in suit was given. Payments were made on the debt and interest from time to time, and at each renewal the new note was taken for the balance due, with 8 per cent. interest per annum after maturity, the interest for the time the note had to run, including the three days of grace, being paid by defendant in advance. It is claimed that more than 8 per cent. interest, the rate provided in the notes, was paid in advance, but not so if the three days of grace are included. The payments were all made, and the notes delivered to Wright, and by him turned over to the plaintiff. The plaintiff and defendants did not meet, but dealt exclusively with Mr. Wright. When each note was given, the defendant paid Wright, in addition to the interest in advance, a sum equal to 2 per cent. a month upon the face of the note, which Wright retained, and which, it is claimed by the plaintiff, was his commission for securing and extending the loan and negotiating the notes, and by the defendants to have been demanded and received as usury. It is not certain to whom the first note was payable. Some of the earlier notes were payable to Wright but the later ones were payable and indorsed as is the one in suit.

II.  Defendant's counsel say the only contention in the case is whether the note in suit is for usurious interest, and claim: (1) That the original note was usurious. (2) That the note in suit was a renewal of the first note, and not a new debt. (3) That the taint of usury in the first note inheres in the note in suit. That there was also added usury in the note in suit; that interest was paid at the rate of 24 per cent.

per annum. Counsel discuss these propositions at length. We think there is no room to question but that the notes were all for the same debt, and that usury in the first or any intermediate note would inhere in the note in suit. The sole question is whether the amounts charged and retained by Wright were properly chargeable as commissions, or whether they were charged and taken for the use of the money. If the latter, then, beyond question, there was usury in every note, and usury has been carried forward into the note in suit, but, if the former, then no charge of usury is shown. This issue was properly submitted to the jury, and we cannot say but that, under the evidence, the jury was warranted in finding that Wright was employed to and did act as the agent of the defendants, and that the sums received by him were properly charged as compensation for his services, and not the use of the money. The finding being warranted by the evidence, it is immaterial whether or not the plaintiff knew that Wright was making these charges.

III. The court withdrew from the jury the question whether there was any usury connected with the first note, and of this defendants complain, and insist that there was a conflict in the evidence of Wright and Harding on this subject, such as to require that the issue should have been submitted to the jury. Mr. Wright testifies that, when Harding asked him if he could loan him the amount, "I told him I did not have any such sum of money as that, but I thought I could negotiate his note for such an amount, and would let him know within a few days. * * * I went back to Harding, and told him I could arrange it. * * * The agreement I had with Harding was that I could negotiate the note. * * * The difference between the face of the note and the amount he got was in the shape of commission or compensation that Mr. Harding paid me for the negotiation of the note—for my services." Mr. Harding testifies: "Prior to the making of

the first of this series of notes, I had borrowed money of Mr.
Wright; and had sold him the notes. I told him I wanted
to borrow this money for a short time, and that Mr. Galley
would sign; he said he thought he could let me have it. He
came back, and said positively I could have it. I do not
know whether it was a day or an hour, but I borrowed it
from him himself. I do not think anything was said as to
whether the money was to be loaned for any greater length
of time than that covered by the first note; do not think
anything was said about the per cent. He said he would
charge me so much for it; he charged me about three times
8 per cent." There is certainly a conflict in this evidence.
According to Wright's testimony, he acted as agent for de-
fendant in negotiating the note, and what he receeved was
as commission, while according to Harding the loan was by
Wright himself, and the amount he retained was for the
use of the money. We think, under the undisputed facts,
the question of usury applied to the first as well as the subse-
quent notes, and should have been submitted to the jury.

IV. The court instructed the jury to determine
whether each of the notes given after the first was a renewal
of the indebtedness, or was a discount of a new note, and,
after explaining the difference between a renewal and a dis-
count, instructed as follows: "If, so considering,
shall find that any of the said transactions were re-
newals of the indebtedness from the defendants to
the bank, and that plaintiff then and there charged or re-
ceived for the use of its money more than the legal rate of
interest, you are instructed that such transaction was usuri-
ous between th eplaintiff and defendants; but if you shall
find that each and all of said subsequent transactions were
the discounting of a new note, then and there presented, you
are instructed that they are not usurious as between the
plaintiff and defendants." Defendant insists that if the in-
struction is correct as to there being no usury if the trans-
actions were discounts, then there is no evidence to support

the verdict. The bank discounted the notes, but whether for Wright as owner or as agent for defendants is the question in the case, and it might well have been submitted upon the single inquiry whether Wright made the loan or was employed to secure it. We think the evidence shows without conflict that these notes were renewals, and that Wright procured each to be discounted by the plaintiff; but whether for himself, or, for the defendant as his agent, is the question. If for himself, the charge he made was usury, if as his agent, it was compensation. We think the instruction did not make plain the single question in issue, and that the evidence would not support a finding that each note represented a new indebtedness. For the errors pointed out the judgment is REVERSED.