EDMOND GEORGE BOVEE v. SADIE J. BUTTERS.[1]

May 13, 1904.

Nos. 13,821—(24).

**Usury.**

Plaintiff applied to defendant's husband for assistance in obtaining a loan of $550 at ten per cent. interest, to be secured by real estate mortgages, and agreed to pay him a commission of ten per cent. if successful. The husband applied to defendant, his wife, who made the loan without any knowledge of the agreement as to commission, and of which she received no part. *Held*, in an action brought to set aside the mortgages as usurious, the facts as found by the court are sustained by the evidence, and the loan was not void for usury.

Action in the district court for Carlton county to cancel on the ground of usury two real estate mortgages executed by plaintiff to defendant. The case was tried before Ensign, J., who found in favor of defendant. From a judgment entered pursuant to the findings, plaintiff appealed. Affirmed.

*John Jenswold, Jr.,* for appellant.
*J. E. Green,* for respondent.

[1] Reported in 99 N. W. 641.

LEWIS, J.

Action to set aside certain real estate mortgages securing notes amounting to $550 upon the ground of usury.

At the trial plaintiff testified that, being in need of money, he applied for a loan to the husband of defendant, supposing him to be a man of some means, but was informed that the money belonged to his wife, and suggested that plaintiff apply to her, whereupon, by appointment, plaintiff went with Mr. Butters to his house, where he met defendant, and, in the presence of Mr. Butters, stated he wanted $550 for twenty seven months, offering to pay ten per cent. interest and a bonus of $50; that defendant agreed to the proposition, and left the making of the papers to her husband and an attorney. One note was made out for $400 and another for $150, both secured by first mortgages upon real estate, and Mr. Butters went with plaintiff to the bank at Carlton, where plaintiff received the money, delivered the mortgages to Mr. Butters, and paid him the $50.

Mr. Butters testified that plaintiff met him on the street in Thomson, and asked him to try and secure a loan of $550 for him; that pursuant to such request he talked with several persons about it, and told plaintiff he would try and get it for him; that a few days thereafter he told plaintiff that he could not solicit a loan for him without compensation, and plaintiff replied,

> Well, that's so. * * * What do you want? Mr. Butters answering: What will you give me if I get that money for you? and plaintiff said, I will give you ten per cent.

That after this conversation Mr. Butters interviewed several persons, but was unable to get the loan; that Mr. Hawkins suggested Mrs. Butters had the money, and her husband laid the proposition before her, advising her to make the loan, and that she finally said,

> Well, with a first mortgage, taxes all paid up, and the insurance on the house and lot made payable to me in case of accident, or in case of fire, I will let the money go.

That he then informed plaintiff he could get the money for him at ten per cent. with the mortgage payable to defendant, and that thereupon he and plaintiff went to a bank at Carlton, drew part of the money,

and paid off a prior mortgage and the taxes, and then went back and drew the remainder, out of which plaintiff paid him $50, which was $5 less than he agreed to pay. Defendant testified that she never saw plaintiff personally about the loan; that she was sick at the time, and knew nothing about any money being paid to her husband until after the commencement of this action.

On this evidence the court found that defendant's husband acted at the solicitation of plaintiff, and was his agent, and as such agent received from him the sum of $50 as the agreed compensation for securing the money, without defendant's knowledge, and from which she derived no benefit, either directly or indirectly; and that she did not receive from plaintiff, or from any one else on behalf of plaintiff, or otherwise, or ever demanded or contracted for, any other or greater sum than ten per cent. interest per annum for the use of the $550 loaned, and judgment was entered for defendant.

This appeal brings two questions before the court: Does the evidence sustain the findings of fact? And, do the facts as found by the court sustain the order for judgment?

We find nothing in the record to take this case out of the usual rule. The credibility of the witnesses and the weight of the evidence were questions addressed to the judgment of the trial court. Where a general agent is intrusted with the money of another, having general charge thereof, then what he does in pursuance of the purpose in loaning the money is regarded as authorized by the lender. Adamson v. Wiggins, 45 Minn. 448, 48 N. W. 185. But under the facts found this case comes within the rule applied in Jordan v. Humphrey, 31 Minn. 495, 18 N. W. 450, where it was held that, upon a loan of money intrusted to an agent for such purpose by his principal, and which is secured by a mortgage for the full sum loaned, with lawful interest, the voluntary act of the agent in reserving a bonus or commission for his own benefit, without any collusion with the mortgagee, who does not authorize or ratify the act, and does not derive any benefit from it, is not presumptively a cover for usury on the part of the lender, and does not make the loan usury. The illegal act of the agent, if such it be, is not to be deemed within the scope of his agency.

The principle here announced is not overruled by Robinson v. Blaker, 85 Minn. 242, 88 N. W. 845. In that case the loan was made directly

to the agent as though he were the principal, and the note made payable to him, the real owner of the money being concealed. The decision was to the effect that under such circumstances the presumption was that the owner had constituted the agent his representative, and was responsible for his acts. In the case before us there was no evidence that defendant was in the loaning business, and, as found by the court, she had not constituted her husband her general agent. His authority was limited to perfecting the loan after she had made it.

Judgment affirmed.