HILLSIDE CEMETERY ASSOCIATION v. HUGH A. HOLMES and Others.[1]

February 9, 1906.

Nos. 14,597—(197).

**Action to Cancel Shares of Stock.**

Action to cancel certain shares of the common stock of the plaintiff which were issued to defendant, on the ground that the consideration therefor wholly failed. *Held*, that the findings of fact and decision of the trial court, to the effect that the consideration for the issue of the stock wholly failed, are sustained by the evidence.

[1]Reported in 105 N. W. 905.

Appeal by defendants from an order of the district court for Hennepin county, Elliott, J., denying a motion for a new trial. Affirmed.

*William Furst* and *George S. Grimes,* for appellants.

*Wilson & Mercer,* for respondent.

START, C. J.[2]

Action to cancel two hundred shares of the common stock of the plaintiff issued by it to Hugh A. Holmes, hereafter designated as the defendant, on the ground that the consideration therefor wholly failed. The cause was tried by the court without a jury, findings of fact made, and judgment ordered for the plaintiff canceling the stock. The defendants appealed from an order denying their motion for a new trial.

The trial court found that a part of the stock was issued at the request of the defendant to his codefendants, respectively, who at the time they received it had full and complete knowledge of the contract between the plaintiff and defendant pursuant to which it was issued. This finding is fully sustained by the evidence. Hence it is only necessary to consider the alleged right of the plaintiff to have the stock canceled as against the defendant; for his codefendants have no greater equities, if any, therein than he has.

The other here material findings of fact are substantially these: On March 7, 1902, the defendant entered into a written contract with Mr. Walter N. Carroll, the promoter of the plaintiff, to the knowledge of the defendant, whereby it was agreed that the promoter would cause the plaintiff to be incorporated under the laws of this state, and that the plaintiff, when so incorporated, should and would assume, be bound by, and be entitled to the benefits of the contract. The plaintiff was so incorporated and became a corporation, and thereafter and on March 28, 1902, did assume the contract, and began to and did perform the terms thereof on its part, with the consent of the defendant. In and by the contract it was mutually agreed that the plaintiff would issue to the defendant two hundred shares of its common stock in consideration for services as a broker to be performed by him, to consist of the sale for plaintiff of five hundred shares of the preferred stock of the

[2]ELLIOTT, J., took no part.

plaintiff for $45,000, cash on or before September 1, 1902. Pursuant to the contract, the plaintiff issued to the defendant or to his order the two hundred shares of stock. The defendant did not sell any of the preferred stock on or before September 1, 1902. On or about September 16, 1902, the defendant and plaintiff further mutually agreed that, if the defendant would sell or take for cash $20,000 worth of the preferred stock within ninety days after that date, he would be released from the original contract. He wholly failed to either sell or take the same, or any portion thereof, and he has never paid any consideration whatever for the stock, and the consideration agreed upon for its issue to him has wholly failed. The stock so issued to the defendant has never been listed, and its value is so uncertain that adequate relief in damages cannot be awarded. The assignments of error urged in the brief of counsel are to the effect that the findings of fact are not sustained by the evidence.

The first contention of the defendant to be considered is that there is no evidence to support the finding that the contract was assumed by the plaintiff; hence it has no interest in the stock and has no right to bring this action. The evidence sustains the finding. It was the corporation that issued the stock to the defendant, upon his promise to sell its preferred stock for $45,000. The failure of the defendant to perform his part of the contract, and thereby bring into the treasury of the plaintiff the $45,000, injured it, and not its promoter. Therefore the plaintiff, and not the promoter, is the proper party to bring the action. McArthur v. Times Printing Co., 48 Minn. 319, 51 N. W. 216, 31 Am. St. Rep. 653.

It is further claimed that the defendant's failure to sell the preferred stock was due solely to the failure of the plaintiff or its promoter to perform the contract on its part. The contract provided for the purchase and transfer of all the property of a then existing cemetery association to the plaintiff, the new corporation, in consideration of the preferred and common stock of the plaintiff. The plaintiff caused a deed transferring to it the property of the old corporation to be made and placed in escrow, to be delivered to it upon payment of $45,000 in accordance with its promissory notes. The defendant claims that, by reason of the fact that the title to the property of the old corporation was not vested

in the plaintiff and that it was indebted for the purchase price of the property, he was unable to carry out his part of the contract to sell the preferred stock; hence the plaintiff is not equitably entitled to a cancellation of the stock issued to him. It is unnecessary to consider this claim, because after the defendant knew that the deed of the property had not been delivered, and on September 16, 1902, the parties, as alleged in the complaint and found by the trial court, mutually agreed that, if the defendant would sell or take for cash $20,000 of the preferred stock within ninety days, he would be released, from his original contract; that is, the performance by the defendant to the extent agreed upon by the new contract was, to be accepted as full performance of the original contract and entitled the defendant to retain the common stock issued to him. The defendant, as the trial court found, never sold any of the stock. These findings are sustained by the evidence. The new contract was a conditional adjustment of all the rights and liabilities of the parties growing out of the original contract. The defendant never performed any of the conditions. Therefore he is not equitably entitled to retain the stock.

The defendant also claims that he is entitled to retain $10,000 of the common stock issued on account of the sale of $10,000 of the preferred stock by Mr. Eurich, one of the parties to the original contract. The record does not justify the claim, for the defendant never sold any of the preferred stock, and by the terms of the new or modified contract he was to sell or take $20,000 of such stock to entitle him to any common stock. The contract was an entirety.

Order affirmed.