## J. M. JOHNSON v. C. O. HOLMES.[1]

February 14, 1919.

No. 21,117.

**Trial — issues of fact in equity case — district court rule inapplicable.**

1. In equity cases the court may, on its own motion, direct issues of fact to be tried by a jury. The district court rule for framing and settling issues has no application to a case where the trial court deems it advisable to have the aid of the jury.

**No prejudice from jury hearing evidence on court issue.**

2. It cannot be held that prejudice resulted to appellant because the jury heard evidence upon issues reserved for the court's determination.

**Admission of evidence.**

3. No ruling upon the exclusion or admission of testimony presents reversible error.

Action in the district court for Sherburne county to reform an execu-

[1]Reported in 170 N. W. 709.

tory contract of sale and to recover $1,500. The facts are stated in the opinion. The case was tried before Giddings, J., and a jury which returned answers to 21 questions submitted to it. The court made findings and ordered judgment that the contract be rescinded, that defendant recover $500 paid by him and $500 for permanent improvements made by him, and that upon the payment of these sums of money and the surrender of the $1,500 note, defendant surrender possession of the premises to plaintiff. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*Selover, Schultz & Selover,* for appellant.

*W. A. Blanchard,* for respondent.

HOLT, J.

Action by the vendor to reform an executory contract for the conveyance of 80 acres of land in Sherburne county and to enforce specific performance thereof as reformed. The vendee counterclaimed for a rescission because of plaintiff's fraud, and, as incidental to a rescission, asked for a restoration of what he had parted with and for a recovery of the damages sustained. Defendant prevailed, and plaintiff appeals.

The action was one triable to the court, but most of the issues of fact were of a nature warranting their submission to a jury. Neither party sought to have issues framed and settled for a jury trial. However, the court, on its own motion, caused a jury to be impanelled and sworn and submitted 21 interrogatories, to which the jury were directed to make answers. The court thereupon made his decision, adopting the findings of the jury upon every issue submitted to them. At every stage of the trial, and on the motion for a new trial, plaintiff, by proper objections, motions and exceptions, questioned the method and procedure by which a jury was called to determine the issues. Nearly all the assignments of error are directed to that proposition.

It must be taken as settled practice that in equity cases the court may, on its own motion, direct issues of fact to be determined by a jury. Russell v. Reed, 32 Minn. 45, 19 N. W. 86; Hulett v. Carey, 66 Minn. 327, 69 N. W. 31, 34 L.R.A. 384, 61 Am. St. 419; Nesland v. Eddy, 131 Minn. 62, 154 N. W. 661. While it would be better practice to settle

issues for a jury some time before the trial, as said in the Nesland case, still where no application is made and the court, when the case is reached for trial, deems it advisable that certain issues of fact should be determined by a jury, we know of no good reason why it cannot be done.

In the present case, all the questions submitted to the jury covered clear cut and distinct issues of fact raised by the pleadings. There can be no question of the propriety of submitting each one in exactly the form in which it was submitted had either party made seasonable application therefor. No claim of prejudice can well be made on the ground of surprise, for, whether the trial was to the court, or to the jury, each party knew that it was necessary to have all the available evidence on hand to sustain his position upon every issue presented by the pleadings and to refute that of his adversary. It is difficult to see how error can successfully be predicated upon the action of the court in sending issues to a jury in an equity case, for even when application has been made for that purpose the action of the court thereon is largely, if not wholly, discretionary. See section 314, Equity, in 10 R. C. L. p. 529. The district court rule, invoked by plaintiff, indicates the procedure to be pursued where a party desires to have issues framed and settled for a jury. It does not pretend to prescribe the practice where the court itself feels the need of the jury's aid.

It is claimed that prejudice resulted because evidence was received upon one or two issues not submitted to the jury, but determined by the court. If such a claim should be upheld few verdicts could stand. It frequently happens that evidence is adduced before a jury upon one or more issues afterwards withdrawn from their consideration by the court. We are not apprehensive in the present case that the evidence upon the issues withheld from the jury influenced their answers upon the issues submitted.

The ruling permitting defendant to testify to the cost, instead of the value, of the clearing done by him on the land, even if error, does not avail plaintiff, for it appears that subsequently, and without objection, defendant testified to the total value of all the improvements, including that of the clearing. The value he placed thereon was somewhat in excess of that found by the jury.

There was no error in receiving defendant's testimony as to why he remained in possession after ascertaining the falsity of the representations which induced the execution of the contract. Plaintiff concedes this evidence proper upon the questions to be decided by the court. There is also force in defendant's suggestion that, had not this evidence been received during the trial, the motion of plaintiff to not submit the question of the value of the improvements to the jury's determination would have been successful.

No claim is made that the evidence is insufficient to sustain the facts found, and from such facts the conclusions of law, made by the learned trial court, inevitably follow.

Order affirmed.