## JOHN PECK v. JOHN SCHULTZ.[1]

November 28, 1924.

No. 24,273.

**Jury trial properly denied.**

Defendant not entitled to jury trial; ruling of trial court correct. [Reporter.]

Action in the district court for Ramsey county to recover $95. The case was tried before Orr, J., who ordered judgment in favor of plaintiff. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*William Bauer,* for appellant.
*Paul C. Thomas,* for respondent.

PER CURIAM.

Plaintiff purchased an automobile from the defendant at the agreed price of $350. He paid $100 down and gave a chattel mortgage back on the car to secure the payment of the balance in monthly instalments. The car needed repair and it was agreed between the parties that the plaintiff should have the same put in shape and defendant would allow all the cost above $50 to be credited on the deferred payments. The cost of such repair amounted to $95. When the first deferred payment became due, plaintiff was unable to meet it and so informed the defendant. Subsequently it was agreed between them that plaintiff should return the car to the defendant, which he did. The plaintiff claims that, at the time he returned the car, it was agreed and defendant promised to pay him the said $95 on the following day, which he failed to do. Upon the other hand, defendant claims and alleges in his answer, that plaintiff surrendered the car to him in full satisfaction of his claim and that he did not agree to pay the repair charge of $95 or any part thereof. As to what such agreement was, constituted the only issue of fact upon the trial.

In his complaint plaintiff asked for a judgment of $95 on account of such repairs and for a satisfaction of the chattel mortgage. When the cause was reached for trial, counsel for defendant stated to the court: "I believe my client is entitled to a jury trial." The court ruled against him. The sole assignment of error is that the court erred in its order denying a new trial and refusing defendant a jury trial.

[1] Reported in 200 N. W. 930.

Under our Constitution and statutes, the only actions triable to a jury, as a matter of right, are those "for the recovery of money only, or of specific real or personal property, or for a divorce on the ground of adultery." Section 7792, G. S. 1913. This is not an action of either of the three kinds referred to. It is not an action for the recovery of money *only*, but its purpose is to recover money and annul a chattel mortgage. Defendant, therefore, was not entitled to a jury trial and the ruling of the trial court in that connection is right.

Affirmed.