JOSEPH ULFERTS v. WILLIAM THISSEN.[1]

May 1, 1925.

No. 24,650.

**Evidence failed to sustain suit to cancel promissory note.**
Action for the cancelation of a promissory note. Neither the claim that the consideration for the note had failed, nor the claim that defendant had agreed to surrender it under a subsequent contract is sustained by the evidence.

1. See Cancelation of Instruments, 9 C. J. p. 1257, § 195.

Action in the district court for Chippewa county to restrain defendant from negotiating a note and to have it canceled. The case was tried before Qvale, J., who ordered judgment in favor of plaintiff. Defendant appealed from an order denying his motion for a new trial. Reversed.

*Daly & Barnard* and *Bert O. Loe,* for appellant.
*C. A. Fosnes & John C. Haave,* for respondent.

TAYLOR, C.

In 1920 plaintiff and defendant purchased a farm of 160 acres from one Ben Rentz for the sum of $32,000, of which each was to pay one-half. They paid $500 at the making of the contract and agreed to pay $5,000 more on March 1, 1921, at which time they were to receive a deed and give back a mortgage for the remainder of the purchase price. When the $5,000 became due they lacked the money with which to pay it. Defendant had a second mortgage on another farm for $6,000. Negotiations with Rentz resulted in his consenting to take this mortgage as payment of $6,000 of the purchase price. Defendant assigned the mortgage to Rentz, indorsing the note without recourse; Rentz conveyed the land to plaintiff and defendant, and they executed a mortgage back for $25,500, the balance due. As a part of the transaction, plaintiff executed to defendant his promissory note, payable March 1, 1926, for the sum

[1] Reported in 203 N. W. 603.

of $3,000 to cover his half of the 'payment made by the transfer of defendant's mortgage.

By the following winter the value of farm lands had decreased materially. Plaintiff and defendant again opened negotiations with Rentz, as a result of which they reconveyed the land to him, paid him the sum of $442, and agreed that he should retain the $500 paid at the making of the contract and also a quantity of tile which they had placed on the land of the value of $858; and, in consideration therefor, Rentz satisfied the mortgage which they had given him and re-assigned to defendant the mortgage for $6,000 assigned to him by defendant. Owing to the shrinkage in farm values, this second mortgage was then practically worthless.

Thereafter plaintiff demanded that his note for $3,000 be surrendered by defendant, and, the demand being refused, brought this action to enjoin defendant from transferring the note and to have it declared canceled. The court made findings in favor of plaintiff, and ordered judgment canceling the note and enjoining defendant from transferring it. Defendant appealed from an order denying a motion for amended findings or a new trial.

The court found, in substance, that defendant had agreed to cancel and surrender the note to plaintiff, and also that the consideration for the note had failed. Unless one or the other of these findings is sustained by the record the order for judgment was erroneous. In the order denying the motion for a new trial, the court intimated that there was no express agreement to surrender the note, but expressed the opinion that the consideration for it had failed.

Defendant's mortgage paid $6,000 of the indebtedness to Rentz, and the note was given to defendant by plaintiff to cover his half of that payment. Plaintiff unquestionably received full consideration for it at that time. Did the subsequent deal by which they reconveyed the land to Rentz bring about a failure of consideration? The consideration had already been received. Conceding that if the original contract had been rescinded by mutual consent for the purpose and with the intention of placing the parties in statu quo, it would have resulted in a failure of consideration for the note, they

did not do this nor intend to do it. Instead they made a new and independent contract which has been fully performed by both parties. A new contract may modify or annul a former contract, but cannot transform it into a nudum pactum.

Defendant stated that when they made the agreement to reconvey the farm to Rentz, he told plaintiff he would take the $6,000 mortgage and hold plaintiff's $3,000 note and discount it whatever amount he got out of the mortgage. Plaintiff was asked what was said and answered:

"As near as I can remember Mr. Thissen said, 'How about the $3,000 note I got from you?' I said, 'I will get that back when you get that mortgage back tomorrow morning,' that is all I can remember."

He nowhere made any other or further statement as to anything in the nature of a promise to return the note. The agreement to reconvey the farm was made at Rentz's home in the evening and they were to meet at the bank the next morning to execute the papers. Rentz, a witness for plaintiff, states that either that evening or the next morning plaintiff and defendant discussed the $3,000 note and that defendant refused to give it up. Plaintiff went to the bank the next morning and executed the deed to Rentz, but defendant refused to execute it. They had various conferences thereafter, the details of which are not given, but it appears that defendant refused to give up the note. On February 20, 1922, the parties met at the bank, and the deal with Rentz was closed and all the necessary conveyances were delivered. At this meeting plaintiff asked defendant to return the note, and it stands undisputed that defendant positively refused to surrender it. The record negatives any promise or agreement to surrender the note, and the finding to that effect cannot be sustained.

It is apparent that the real dispute between plaintiff and defendant is whether the loss on the $6,000 mortgage shall be borne by defendant alone or by both of them equally. Whether they did or did not understand the matter alike, it is clear that plaintiff has failed to establish his cause of action.

Order reversed.

HOLT, J. (dissenting.)

I dissent.

When the parties agreed to reconvey to Rentz, plaintiff no doubt understood that he should get his note back, and defendant his mortgage. There was no talk of the mortgage having depreciated when the negotiations resulting in the reconveyance were had.