## ALBERT T. HATCHER AND ANOTHER v. UNION TRUST COMPANY OF MARYLAND AND ANOTHER.[1]

April 13, 1928.

Nos. 26,308, 26,531.

PLAINTIFFS' APPEAL.

**Payment of commission to borrower's agent is not usury.**

1. The evidence sustains the finding that the broker, to whom an application to procure a loan was made, was the agent of the borrower.

In such case an agreement by the borrower to pay a commission to the broker does not constitute usury.

**When agreement to pay for title insurance and guaranty of payment is not usury.**

2. An agreement by the borrower to pay the expense of title insurance and the expense of a guaranty of payment of his notes by a surety company, made and carried out in good faith and not used as a device to obtain additional interest, is not usury.

**When trial court is not called on to exercise its discretion in submitting issues to jury.**

3. Where no motion is made to submit all or any part of the issues in a court case to a jury, as provided by the court rules, the court is not properly called upon at the trial to exercise its discretion in the matter, although it has the power to so submit issues without a formal motion.

DEFENDANTS' APPEAL.

**When court may cancel instrument for mistake of one party or want of consideration.**

4. In an equity case the court may grant relief by way of cancelation of instruments for a mistake of one of the parties, where it can be done without injustice to the other party.

The court may also grant such relief when there is entire failure or want of consideration for the instruments.

[1]Reported in 219 N. W. 76.

When there is nothing to return before cancelation of instrument.

5. Where the instrument canceled is without consideration, there is nothing to return as a condition before cancelation can be had.

When question as to what law governed contracts is immaterial.

6. The question of whether the notes canceled in this case were Minnesota contracts or Maryland and Virginia contracts becomes immaterial when the issue of usury is found against the plaintiffs.

Cancelation of Instruments, 9 C. J. p. 1167 n. 73; p. 1176 n. 29; p. 1211 n. 55.

Trial, 38 Cyc. p. 1936 n. 78.

Usury, 39 Cyc. p. 891 n. 36; p. 978 n. 37; p. 982 n. 65.

See note in 21 A. L. R. 797; 27 R. C. L. 235; 4 R. C. L. Supp. 1749; 6 R. C. L. Supp. 1649.

See note in 10 L.R.A.(N.S.) 114; L. R. A. 1917D, 745; 4 R. C. L. 507; 1 R. C. L. Supp. 1153.

In an action in the district court for Hennepin county to set aside and cancel a trust deed and the notes secured thereby on the ground of usury, the court found that the deed and notes were not usurious, but did find that certain notes of a second series should be canceled on other grounds. Judgment, Reed, J. was entered on the findings, from which plaintiffs (26,531) and defendants (26,308) appealed. Affirmed.

*Tifft & Youngdahl,* for plaintiffs.

*Jamison, Stinchfield & Mackall* and *L. A. Stebbins,* for defendants, Union Trust Company of Maryland and Wells-Dickey Trust Company.

OLSEN, C.

The action is brought to have the court set aside and cancel a trust deed and the notes secured thereby on the ground that the deed and notes provide for the payment of interest in excess of the rate permitted by the laws of this state and are therefore usurious and void. The trial court found that the deed and notes were not usurious and denied plaintiffs any relief on that ground. The court did find that certain notes, designated as second series notes, should

be canceled on other grounds. Motions for amended and additional findings were made by each of the parties and denied. Judgment was thereafter entered on the findings, and both parties have appealed from the judgment.

## PLAINTIFFS' APPEAL.

1. Plaintiffs are husband and wife. Plaintiff Albert T. Hatcher made written application to a loan broker at Minneapolis to obtain for him a loan of $40,000 upon real estate in that city. He agreed, in a separate writing given to the broker, to pay the broker a commission of $1,800 for obtaining the loan. The loan was obtained from the Mortgage Security Corporation, a Virginia corporation, and was secured by a trust deed of the property to defendants, as trustees. The court found that the broker was plaintiffs' agent in the matter and that payment of such commission to the agent was not usury. These findings are sustained by the evidence. It is not usury for the borrower to pay a commission to his own broker for obtaining the loan where the lender receives no benefit therefrom and has not employed the broker as his agent. Grieser v. Hall, 56 Minn. 155, 57 N. W. 462; Bovee v. Butters, 92 Minn. 149, 99 N. W. 641; Hobart v. Michaud, 167 Minn. 1, 208 N. W. 191, 209 N. W. 39; Graham v. Fitts, 53 Fla. 1046, 43 So. 512, 13 Ann. Cas. 149; Polk Co. Sav. Bank v. Harding, 113 Iowa, 511, 85 N. W. 775; Secor v. Patterson, 114 Mich. 37, 72 N. W. 9; Davis v. Sloman, 27 Neb. 877, 44 N. W. 41.

2. In his application for the loan, plaintiff Albert T. Hatcher agreed to pay the expenses for obtaining a guaranty on the notes by the National Surety Company, a policy of title insurance from New York Title & Mortgage Company, trustees' fees, and all other costs and expenses incurred by the Mortgage Security Corporation incident to the loan. These expenses were not to be taken out of the loan, but were to be covered by additional notes given, known as the second series of notes, and secured by the trust deed. The court found that the lender, in good faith, paid out and expended $1,657.25 for the purposes stated, being $1,364.25 paid National

Surety Company for guaranteeing the notes, $70 for title insurance, $23 for trustees' fees, and $200 for attorney's fees for examination of papers and legal opinion; that these were proper and necessary expenses and that there was no intent to charge usury and none was charged or exacted.

The general rule is that a loan is not rendered usurious by the fact that the borrower is required to pay a reasonable compensation in excess of interest for services and expenditures incurred by the lender in connection with the loan, where there is no intent to evade the law and the required payment does not result in giving to the lender a greater return for the use of the money than is allowed by law. Smith v. Parsons, 55 Minn. 520, 57 N. W. 311; Lassman v. Jacobson, 125 Minn. 218, 146 N. W. 350, 51 L.R.A.(N.S.) 465, Ann. Cas. 1915C, 774. "Expenses incident to making the loan and furnishing the lender satisfactory security for its repayment can in no sense be considered compensation for the use of the money loaned." Id. 125 Minn. 219, 146 N. W. 350. Under that rule title insurance and a guaranty of the notes would be "furnishing the lender satisfactory security" for the repayment of the loan. Such expenditures would not result in the lender's receiving any greater interest or return for the money loaned, but would result in his receiving better security therefor.

It is an essential element of usury that the lender should intend to receive or reserve more than the law allows. Ward v. Anderberg, 31 Minn. 304, 17 N. W. 630; Patterson v. Wyman, 142 Minn. 70, 170 N. W. 928. If however the parties intentionally provide for a greater compensation for the use of the money than the law allows, the intent is presumed. The expenditure of $1,657.25 seems a large amount on this loan. If made in good faith and without intent to take or reserve more than the law allows for the loan of the money, and it did not result in a greater return than the law allows, then it was not usury. These were questions of fact for the trial court, and there is evidence sufficient to sustain its findings.

The trust deed provides for monthly payments of $416 to one of the trustees, to be applied to the payment of interest and principal of the notes as the interest and notes come due. These payments

will, at times, result in the accumulation of funds in the hands of the trustees before the payments are due. This would not seem to present serious difficulty. All money so paid is to be applied on the indebtedness as it falls due, and the trustees will be accountable therefor.

3. The record discloses that the case appeared on the jury calendar of the trial court. When called for trial, defendants' counsel objected to a jury trial, claiming that the case was not a case for trial by jury. Plaintiffs' counsel contended that it was a matter of discretion with the court whether or not the issue of usury should be submitted to a jury. The court stated that it was of the opinion that it had not the power to submit the issue to a jury because no application had been made to submit any question to a jury, and directed that the case proceed to trial without a jury. Neither party made any formal motion.

The case is not one wherein the plaintiffs have a right to a jury trial as a matter of law under G. S. 1923, § 9288. Trauernicht v. Kingston, 156 Minn. 442, 195 N. W. 278; Peck v. Schultz, 161 Minn. 519, 200 N. W. 930. The statute grants power to the court to order that the whole issue, or any specific question of fact in the case, be submitted to a jury. By court rule 25, the method is prescribed whereby either party so desiring may apply, by motion, for such order of the court. The failure so to apply does not prevent the court from exercising its power to order the issues or specific questions of fact submitted to a jury on its own motion at the time of the trial. Russell v. Reed, 32 Minn. 45, 19 N. W. 86; Johnson v. Holmes, 142 Minn. 54, 170 N. W. 709. Plaintiffs had made no motion for the trial of all or any issue of fact by a jury. The case then stood in this situation: That plaintiffs had no absolute right to a jury trial and had made no motion therefor. There was no proper motion before the court to pass upon. The court had the power, if it so desired, to submit issues to a jury on its own motion. Granting that the court was in error in its opinion that it had no power then to submit issues, yet there was nothing before it upon which it was required to exercise its discretion. The court is not obliged to exercise its discretion until a question is properly brought

before it in such manner as to call for action thereon. Schmidt v. Schmidt, 47 Minn. 451, 50 N. W. 598.

The plaintiffs do not now make any claim of fraud in the transaction, and the court found there was no fraud.

The judgment is affirmed on plaintiffs' appeal.

## DEFENDANTS' APPEAL.

4. Defendants contend that the court erred in finding and decreeing that the second series of notes in excess of the $1,657.25 expense, held secured thereby, should be canceled and returned. The court based its decision as to cancelation of these notes on the ground of mistake and want of consideration. A court of equity may, in a proper case, grant relief in the way of cancelation of instruments for a mistake of one of the parties, if it can be done without injustice to the other. Benson v. Markoe, 37 Minn. 30, 33 N. W. 38, 5 A. S. R. 816; Buckley v. Patterson, 39 Minn. 250, 39 N. W. 490; Thwing v. Hall & Ducey Lbr. Co. 40 Minn. 184, 41 N. W. 815; St. Nicholas Church v. Kropp, 135 Minn. 115, 160 N. W. 500, L. R. A. 1917D, 741; Olson v. Shephard, 165 Minn. 433, 206 N. W. 711; Nadeau v. Maryland Cas. Co. 170 Minn. 326, 212 N. W. 595. Such court may grant relief for want or failure of consideration. Payne v. Loan & Guaranty Co. 54 Minn. 255, 55 N. W. 1128; Hillside Cemetery Assn. v. Holmes, 97 Minn. 261, 105 N. W. 905; Haataja v. Saarenpaa, 118 Minn. 255, 136 N. W. 871; Ulferts v. Thissen, 163 Minn. 173, 203 N. W. 603.

Equity lays stress upon the duty of the defendant and decrees that he do or refrain from doing things which he ought to do or forbear. When a court of equity acquires jurisdiction of a cause, it will grant such relief as will justly determine all rights of the parties in the matter.

The expenses to be covered by the second series of notes are specified, all except the amounts, in the application for this loan. The evidence tends to show that the amounts were not known at the time; that an estimate was made by the broker, White-Price Company, that the amount would be some $6,550; that in fact such

expenses amounted to only $1,657.25. It is not shown that defendants knew at the time what the amount would be, but they say now in their brief that they do not claim credit for any more than $1,657.25; hence there would be no consideration for the second series of notes over and above that sum.

5. It is urged that plaintiffs cannot have any of the notes canceled without rescinding the entire loan transaction and returning the $40,000 received.

The notes are separate contracts. There is no apparent logical reason why such of the notes as were without consideration may not be canceled without disturbing those supported by fair consideration. That will give defendants all they are justly entitled to. Where a proper allowance by way of reduction in purchase price will be a fair remedy, that relief may be granted. Straabe v. Jackson, 134 Minn. 179, 158 N. W. 915.

The notes ordered canceled may not be in the possession of these defendants, who are trustees under the deed, and they may not be able to surrender the notes. But no modification of the judgment on that ground has been asked of the trial court, and that question was not presented or argued here. If apprehensive of any difficulty on that ground, application for modification may be made to the trial court. The judgment, in any event, will not bind innocent holders of notes who are not parties to this suit, if any such there are.

6. The question of whether the trust deed and notes are Minnesota contracts or Maryland and Virginia contracts has been argued. Plaintiffs claim, in their complaint, that the instruments are Minnesota contracts and seek relief under the laws of this state as to usury. Defendants plead the usury laws of Maryland and Virginia. The trial court having found that the contracts were not usurious under Minnesota laws, and having denied relief on that ground, and such findings being sustained, the question so raised ceases to be of any importance. Defendants could gain nothing by a decision on that question.

Judgment affirmed on both appeals.