COMSTOCK v. WILDER ET AL.

1. **Usury**: FACTS NOT CONSTITUTING. B. borrowed of C. $3,600 on his note and mortgage. Afterwards B., wishing to borrow a further sum of C., which, it seems, she had not at hand, proposed to C. that she should sell the $3,600 note and mortgage to a purchaser whom he would provide, for the sum of $3,400, and that he would then borrow of her the $3,400 so realized, and secure the same by his note and mortgage for $3,600, allowing her the difference of $200 to compensate her in part for the discount on the sale of the first note, and for her expenses in examining the property which he proposed to mortgage as security for the second loan. The proposition was accepted and carried out in detail. *Held* that these facts would not support a plea of usury as against the second note.

*Appeal from Polk Circuit Court.*

TUESDAY, JUNE 12.

ACTION in chancery to foreclose a mortgage. The only defense pleaded is usury. There was a decree granting the relief prayed for in plaintiff's petition. Defendants appeal. The facts of the case appear in the opinion.

*Sickmon & Barclay* and *John Mitchell*, for appellants.

*Goode & Phillips*, for appellee.

BECK, J.—The mortgage which is the foundation of the action was executed November 1, 1875, by defendant, Mrs. Wilder, to secure her promissory note made on the same day to plaintiff for $3,600, with interest at the rate of ten per cent per annum, payable semi-annually. Defendants allege, that the note is usurious, and base this defense upon the following facts: In 1868, Issac Bates borrowed of plaintiff $3,600, and, in security for the loan, executed a mortgage upon real estate situated in the state of Ohio. In 1869, Bates executed another mortgage to plaintiff upon lands in this state, to secure a promissory note made to plaintiff for $3,600, with ten per cent per annum interest. This note, it is claimed by defendant, was usurious, on the ground that $3,400, and no more, was received as a loan for which the note and mortgage were given. We will hereafter state the facts as we find them from the record, so far as they relate to this transaction. Bates sold the Iowa lands covered by this mortgage to Mrs. Wilder, who subsequently executed the note and mortgage in suit to plaintiff, in place of the mortgage of Bates last referred to, which was thereupon canceled. It is claimed by defendants that this was in fact Bates' own transaction, and was simply a renewal of his note last given to plaintiff, and that the mortgage in suit was given to secure such renewal. Upon the testimony, this seems to be, to say the least of it, very doubtful, but, as we dispose of the case upon ground that in no way depends upon the character of the last transaction, and the interests and relations of the parties as claimed by defendants, we need not determine whether the note and mortgage were given upon a new loan or upon the renewal of the old one. We may regard the fact to be, for the purposes of the case, that the note in suit is a renewal of Bates' note, and that Mrs. Wilder can urge the same defense to this action as Bates could have done had he executed it. In this view of the case, we are required to determine whether the note, which was renewed by the note in suit, was usurious.

II.   It will be remembered that Bates had executed two mortgages to plaintiff, each for $3,600, for money borrowed in each instance when the mortgage was executed.   Defendants insist that Bates received from plaintiff at the time of the last transaction $3,400, and no more, and that $200 was reserved in payment of usurious interest.   We are clear in the opinion that the evidence does not support this claim and defense.   The facts, well established by the preponderance of the testimony, we find as follows:   Prior to the date of the mortgage last executed by Bates to plaintiff, being desirous of making another loan, and in order to secure it, he entered into an arrangement with plaintiff of this character: Plaintiff was to sell and transfer without recourse, Bates' first note and mortgage, for $3,400, to a party who was willing to take it at a discount of $200, and the money thus realized Bates was to take, and give his note secured by mortgage on Iowa lands for $3,600.   In this way Bates would secure the loan he much needed, and plaintiff would lose nothing.   Bates was also to pay the expenses of plaintiff's agent, incurred in coming from Ohio, in order to examine the lands and title thereto, and complete the transaction.   This arrangement was carried out.   Plaintiff sold Bates' first note and mortgage for $3,400, and her agent brought the money to Iowa and paid it to Bates, upon his executing the second note and mortgage.   The transaction, in view of these facts, is not usurious.   Plaintiff received no benefit whatever from it, in excess of ten per cent interest.   The sale of Bates' note at a discount of $200 was for his benefit, and was made under an agreement with him that he would make good to the plaintiff the loss she incurred by the sale.   This agreement Bates carried out by giving his second note and mortgage for the amount of the first.   Plaintiff, by the transaction, received no sum as usurious interest, and there is no evidence tending to show that there was an intention on her part, or on the part of Bates, by the transaction, to provide for the payment of unlawful interest.   There could have been no such inten-

tion, for nothing of the kind was contemplated; the fact, therefore, that Bates gave his second note for an amount exceeding the money he obtained by $200, is no ground for holding the transaction usurious.

III. Under the arrangement between Bates and the plaintiff, he was, as we have stated, to pay expenses incurred by plaintiff's agent in visiting this state to carry out the agreement of the parties. This payment was made. It is not claimed that this is a ground for charging usury. Acceptances were given by Bates for future interest, and a certain cash payment was made. But the evidence clearly shows that this money was applied upon the interest due, and to pay the agent's expenses. We find that in this transaction there is no ground for holding that plaintiff received one cent for unlawful interest, or that, under the arrangement, such a thing was contemplated or could have been accomplished.

IV. After the note in suit was executed, Bates made a payment of $25, which he claims, and so testified, was a *bonus* upon that transaction. He relies in support of his own testimony upon a letter written by plaintiff, in which she claims that he should pay her that sum in consideration of certain contemplated changes in the security she held. But what these changes were, is not shown. Plaintiff testifies that the changes were not made, and that the $25 were credited on the interest. The defendant fails to establish by the preponderance of the testimony that the $25 was paid as a *bonus* for the loan of the money secured by the note and mortgage in suit.

It is satisfactorily shown that all payments made by Bates were applied in the discharge of interest at the lawful rate. The foregoing views dispose of the case. It becomes quite unnecessary to inquire into the relations of Bates and Mrs. Wilder as to the note in suit, or to determine questions of law discussed by the counsel of the respective parties.

AFFIRMED.