SAFFORD MACKEY *vs.* G. H. WINKLER.

September 30, 1886.

**Usury—Payment of Commission to Agent.**—A broker loaning money for a principal, without compensation from him, made a loan in his principal's name at 10 per cent. interest, and in addition, under an express agreement with the borrower, charged him an agreed commission for procuring the loan, examining certain personal property on which security was to be given, and drawing the necessary papers in the premises, and received said commission for his own exclusive use, the principal receiving only the 10 per cent. interest on the loan. *Held*, it not appearing that the commission charged was excessive or unreasonable for the services performed for the borrower, that the transaction was not usurious.

Appeal by defendant from a judgment of the district court for Ramsey county, where the action was determined by *Brill*, J., without a jury, upon stipulated facts.

*Willis & Lefevre* and *G. Willrich*, for appellant, cited Laws 1879, c. 66; *Payne* v. *Newcomb*, 100 Ill. 611; *Philo* v. *Butterfield*, 3 Neb. 256; *Cheney* v. *White*, 5 Neb. 261; *Cheney* v. *Woodruff*, 6 Neb. 151; *Olmsted* v. *New England Mtge. Security Co.*, 11 Neb. 487; *Borcheling* v. *Trefz*, 40 N. J. Eq. 502, (2 Atl. Rep. 369;) *Boyd* v. *Engelbrecht*, 36 N. J. Eq. 612; 17 Cent. Law Jour. 102; *Jordan* v. *Humphrey*, 31 Minn. 495.

*Edwin S. Chittenden* and *J. W. Lusk*, for respondent.

BERRY, J. The plaintiff, Safford Mackey, who resides in Wisconsin, was in the habit of sending money to F. J. Mackey, a loan broker doing business in St. Paul and Minneapolis, to be loaned out by him, and under his direction, at 10 per cent. interest. The loans were made in plaintiff's name, and for him, but plaintiff paid F. J. Mackey nothing for his services. On December 9, 1884, defendant made to F. J. Mackey a written application, which, so far as here important, is as follows: "I  *  *  *  hereby apply to F. J. Mackey to act as my agent to procure for me a loan of $367.50, for one month, with interest at 10 per cent. per annum, to be secured by chattel mortgage on personal property owned by me,  *  *  *  and described in a certain chattel mortgage executed by me, and bearing even date here-

v.35м—33

with; and I agree to pay same F. J. Mackey, for acting as my agent in procuring such loan, and for examining said property, and drawing the necessary papers to perfect such loan, if he is able to procure the same, the sum of $17.50. He is to charge me nothing for examining said property, or for his services of any kind, unless he procures said loan for me."

Pursuant to the application, F. J. Mackey made a loan to defendant, taking his note, payable to plaintiff, for $367.50, and as security for the same a chattel mortgage upon furniture and fixtures belonging, as we infer, mostly, if not altogether, to a Turkish bath establishment; handing to plaintiff $350 of said sum in cash, and retaining for his own personal benefit $17.50. The court finds "that the said F. J. Mackey charged the defendant a commission of $17.50 for procuring the loan, examining the property on which security was to be given, drawing papers and the like, which commission it was agreed was to go to, and which did go to, the said F. J. Mackey personally, and none of it went to plaintiff; nor did he (the plaintiff) know anything about it, or how the said F. J. Mackey remunerated himself for expenses and time in his business as a loan broker, the said plaintiff never at any time receiving over 10 per cent. on his loans."

Upon the foregoing state of facts we agree with the trial court that the note and mortgage are not shown to be usurious. The sum of $17.50 does not appear to have been taken for the *loan* and forbearance of the $350, but as a commission for services performed for the borrower. There is no evidence and no finding by the trial court that the commission was an excessive or unreasonable charge for the services performed for the borrower. See *Borcheling* v. *Trefz*, 40 N. J. Eq. 502, (2 Atl. Rep. 369.) No part of it went to the plaintiff,—the lender of the money,—but it was contracted for, charged, and taken by F. J. Mackey for his own exclusive use. These facts appear to bring the case within *Acheson* v. *Chase*, 28 Minn. 211, (9 N. W. Rep. 734,) and to distinguish it from *Avery* v. *Creigh*, *ante*, p. 456.

Judgment affirmed.

VANDERBURGH, J., (*concurring*.) I agree that, upon the facts found, the case may fall within the rule laid down in *Acheson* v. *Chase*. At

the same time it seems to me that it leaves the door open for a practical evasion of the usury law in many cases. But it would be better, undoubtedly, that a rule which has been recognized and acted on should be changed by legislation, which would, of course, relate to future contracts only, than that an attempt should now be made to change it by the courts. I therefore concur in the opinion.