Nellie Daley and Husband *vs.* Minnesota Loan & Investment
Company.

June 20, 1890.

**Mortgage by Infant Wife and her Husband.**—Under Gen. St. 1878, *c.*
40, § 2, where a married woman executes jointly with her husband a deed
of her separate real estate, the validity of such deed is not affected by the
fact of her minority; and the provisions of that chapter extend to mort-
gages.

**Mortgage—Usury—Charge for Expenses.**—A charge made in good faith,
and which is found to be reasonable in amount, to cover expenses for ex-
amining title and the preparation of the writings necessary to secure a
sum loaned to a mortgagor, *held* not usurious.

**Same—Interest between Execution and Acceptance.**—And where the
business is transacted through the mails, and a reasonable time transpires
between the date of the execution of the securities, which bear interest
from their date, and their final acceptance and the delivery to the mort-
gagor of the sum loaned, and it is found by the trial court that there is
no intention to pay or exact an unlawful rate of interest, *held*, that the
securities are not void for usury because of such intervening lapse of
time.

Action brought in the district court for Rock county, for the can-
cellation of a mortgage for $800 of land of the plaintiff Nellie, exe-
cuted by both plaintiffs to the defendant. Trial by *Perkins, J.,* and
judgment ordered and entered for defendant, from which the plain-
tiffs appeal.

*Daniel Rohrer,* for appellants.

*Geo. W. Wilson* and *P. E. Brown,* for respondent.

Vanderburgh, J. 1. The mortgage in question here was made by
the plaintiffs, husband and wife, jointly, upon the real estate of the
wife, she being at the time a minor. By Gen. St. 1878, *c.* 40, § 2,
(Laws 1887, *c.* 47,) it is expressly provided that the validity of the
deed should not in such cases be in any manner affected by the mi-
nority of the wife, and the purpose of the statute is very clearly ex-
pressed. A mortgage of real estate is a "deed," within the meaning

of that section and chapter. The effect in such case is to remove the disability of infancy. The amendment we have referred to was added to the section in question in 1869, and was doubtless deemed proper for the better security of titles, and in view of the protection of the wife already afforded by the statutory provisions requiring her husband in all cases to join in her deed.

2. The further ground on which the plaintiffs seek to avoid the mortgage is usury. Upon this branch of the case, however, the material facts are all found adversely to them, and there is no doubt of the sufficiency of the evidence to support the findings. During plaintiffs' negotiations for the loan secured by the mortgage, it was mutually agreed between the parties that the defendant should be allowed $10 for services and expenses in connection with the loan, which included the preparation of the papers, examining abstract, and investigating the condition and value of the property, and the charge is found to be reasonable and *bona fide*. It further appears that, upon the acceptance of the plaintiffs' application for the loan, the note and mortgage were forwarded to them for execution, and the sum to be loaned was set apart for them awaiting the return of the securities after execution, and the examination and approval of the abstract, which was immediately examined on its receipt, and a draft for the amount of the loan sent to plaintiffs by return mail. The fact that the note was bearing interest from its date and during the interval, the transaction having been in the usual course of business and well understood between the parties, did not necessarily make it usurious; and the court finds there was no intent to pay or exact an unlawful rate of interest. Upon the findings in this case the charge of usury cannot be supported.

Judgment affirmed.