## HIRAM M. HOGUE V. JOHN MACKEY *et al.*

1. No SALE, *in the Case Stated.* In a negotiation between parties for the sale of property, the price of $137.50 was agreed upon, and a payment of $7.50 was made thereon. The balance, $130, was to be paid in installments of $20. One of the parties understood and agreed that an installment was payable every thirty days thereafter until all was paid, while the other understood and agreed that an installment was payable every ninety days thereafter. *Held,* That there was no sale.

2. SPECIAL FINDINGS, *Control Verdict.* The plaintiff brought an action to recover the possession of the property, and the jury returned a general verdict in his favor, but made special findings showing that the minds of the parties did not meet upon one of the substantial conditions of the sale. The court set aside the general verdict, and gave judgment in favor of the defendant upon the special findings; *held,* no error.

*Error from Johnson District Court.*

REPLEVIN. Judgment for the defendants, at the September term, 1887. The plaintiff *Hogue* brings the case here. The facts are set forth in the opinion.

*John T. Little,* and *C. L. Randall,* for plaintiff in error.

*J. W. Parker,* for defendants in error.

The opinion of the court was delivered by

JOHNSTON, J.: This was an action of replevin, brought by Hiram M. Hogue against John Mackey and David Swartz,

to recover a wooden building of the value of $137.50, which was standing upon leased ground and was personal property. Hogue claimed to have purchased the building from Swartz on November 9, 1886, at an agreed price of $137.50; that he then paid $7.50 of the purchase-money, and that the balance of the purchase-price was to be paid in installments of $20 every ninety days, for which notes were to be executed on a certain subsequent day. Swartz claimed that he negotiated a sale of the building to Hogue for the price stated, and received a payment of $7.50, as Hogue claimed, but the agreement was that the balance was to be paid in installments of $20 every thirty days. When Hogue refused to execute the notes for these installments payable every thirty days, Swartz sold the building to Mackey, and Hogue then brought this action to recover its possession. The only matter in dispute between Hogue and Swartz was as to the times when the deferred payments were due. The jury found a general verdict in favor of Hogue, but they also made special findings of fact that were inconsistent with the general verdict. The court set aside the general verdict and gave judgment upon the special findings in favor of the defendants. This was a correct ruling. The jury found that negotiations were had between the parties on the day stated, when the price of the building was agreed upon and a payment made, as the plaintiff claims, but that Hogue stipulated and understood that he was to make payments of $20 every ninety days, while Swartz stipulated and understood that payments of that amount were to be made every thirty days. It thus appears that the minds of the parties did not meet upon one of the substantial conditions of the sale. There must have been a concurrent assent of both to the same terms and conditions, in order to bind either. The findings clearly show that there was not that assent, and hence there was no contract or sale. There being no sale, Hogue has neither ownership nor right of possession in the building; therefore the general verdict in his favor was erroneous. Where the special findings are inconsistent with the general verdict, the former must prevail, and if they cover

the issues in the case and are consistent with each other, and are supported by the testimony, the general verdict should not only be set aside, but judgment must be given in accordance with the special findings. (Civil Code, § 287; *Rly. Co. v. Lyon,* 24 Kas. 748; *Clark v. Mo. Pac. Rly. Co.,* 35 id. 350.)

The question of the sufficiency of the evidence to support the findings is not before this court, for the reason that the case-made does not show that it contains all the evidence. There is such a statement in the certificate of the judge, which is attached to the case-made, but this is insufficient. (*Eddy v. Weaver,* 37 Kas. 540; *Railroad Co. v. Grimes,* 38 id. 241; *Insurance Co. v. Hogue,* 41 id. 524; *Hill v. National Bank,* 42 id. 364.)

The judgment of the district court will be affirmed.

All the Justices concurring.