JOHN P. SULLINS AND WALTER D. SULLINS, V. FARMERS EXCHANGE BANK, *a corporation*

(Filed September 6, 1906.)

1. **INTEREST**—In the computation of interest at the full legal rate upon promissory notes negotiable in form due in six months, it is not usurious to compute the same for a period of six months and three days, notwithstanding a provision which renders them non-negotiable, because of an agreement to pay attorney's fees if the same are placed in the hands of attorneys for collection.

2. **USURY.**—If in the computation of interest upon a contract the same is made upon a mistaken theory that days of grace would be allowed the maker in which to discharge his obligation, there being no intent to charge usurious interest, such mistake would not taint the entire transaction as usurious.

(Syllabus by the Court.)

*Error from the District Court of Noble County; before Bayard T. Hainer, Trial Judge.*

*H. B. Martin,* for plaintiff in error.

*S. H. Harris,* for defendant in error.

STATEMENT OF FACTS.

On the 18th of July, 1902, the parties to this action entered into an agreement partly in writing and partly in parol the written part of which is in the following words:

"FARMERS EXCHANGE BANK.

"E. E. Van Slyke, Pres.        W. L. Atherton, Cash.

"CERES, OKLA. July 18, 1902.

"This is to certify that J. P. Sullins has this day deposited with the Farmers Bank of Ceres, Oklahoma, $1600 to be paid to the grantors on their order, upon the presentation of a deed duly approved by the secretary of the interior or by the president of the United States, to the s. w. (1-4) quarter of section (7) seven, township twenty-three (23) range 1 east of the Indian Meridan.

"Signed             E. E. VAN SLYKE,

"President."

The circumstances under which the above certificate was executed and delivered were these: J. P. Sullins having ascertained that he could purchase the allotment of a deceased Indian for the sum of $1600, applied to Van Slyke, the president of the bank, to make arrangements for procuring the money when needed, to pay for the land in case it should be awarded to him upon the bid he was about to submit, and having furnished acceptable security, the above certificate was given him by the president of the bank.

The securities furnished at the time of executing the above certificate, were two promissory notes, one given for the sum of $1000.00 and the other for the sum of $750.00 and a chattel mortgage securing the same, and this action is brought to enforce payment of these notes and the foreclosure of the chattel mortgage.

The defendants answered by a general denial, and second, by setting out an oral agreement, in which it is alleged that it was agreed between the parties at the time the said several writings were executed and delivered, that in the

event of defendant, John P. Sullins, not obtaining said Indian land, he was to return the said certificates, and the said plaintiff would thereupon cancel and return to him his said notes and chattel mortgage. The notes and mortgage bear date of July 18, 1902, and were due and payable six months after date. At the time of the execution and delivery of these various papers, the bank also issued and delivered to Sullins an ordinary deposit slip for $50.00 and entered a general credit on its books to him in that sum, separate and apart from the $1600.00 which last amount was to be drawn upon by Sullins only in the event that he obtained the land then in contemplation.

Interest was computed upon the total amounts of credit given him, i. e., $1650.00 at the rate of 12 per cent per annum for six months, the interest being figured at $100.00 and this being added made the total of the notes and mortgage $1750.00.

It further appears from the record that Sullins failed to obtain the land as contemplated, and therefore never drew any money out of the bank, and at no time made any use of the credits thus given him.

As to just when Sullins notified the bank of his failure to obtain title to the land and that he would therefore not need the money thus contracted for, and also at what time he offered to return the certificate and deposit slip, are both matters upon which the evidence is conflicting.

The plaintiff bank replied to the answer of defendant by a qualified general denial, and at the March, 1904, term of the court, the cause came on for trial before the court without a jury, and at its conclusion the court rendered judgment

in favor of the bank and against plaintiff in error, Sullins, in the sum of $65.00 from which judgment the cause comes to this court by case made.

Opinion of the court by

GILLETTE, J.: Three propositions are presented by the argument of counsel for the plaintiff in error, upon which they ask for a reversal of the judgment on this case: "First the notes sued on were non-negotiable upon their face: Second, upon the undisputed evidence the only consideration for these notes was a promise on the part of the bank to pay $1600.00 to a third person for the benefit of Sullins, and to pay to Sullins the sum of $50.00. The sum of $100.00 is an excess of 12 per cent interest on $1650.00 for six months and the contract is therefore usurious: Third, under the undisputed evidence the original contract was impossible of performance, for the reason that Sullins did not procure, and could not procure, the deed of the Indian with the approval of the secretary of the interior for the land described in the contract."

Touching the first and second of these propositions, it must be understood that only a question of interest upon notes aggregating $1650.00 is involved, to which was added $100.00 for interest for six months.

Counsel for plaintiff in error counted that such contract for interest was usurious, being $1.00 in excess of 12 per cent. upon $1650.00 for six months, and therefore no interest was collectible upon the notes.

From the record it appears that the president of the plaintiff bank, in determining the amount of interest that should be added to the notes, used an interest table which

includes in such computation days of grace, which, added to the length of time the notes were to run, made the total interest $100.65. The 65 cents was thrown off, and an even $100.00 was charged as the interest, while interest at 12 per cent. for even six months was $99.00.

Counsel for plaintiff in error in their brief admit that interest is chargeable, in proper cases, on the period of grace allowed; which is probably correct, because of the fact that the law concerning contracts enters into and forms a part thereof. and as no remedy is allowed for its enforcement until the lapse of the three days of grace. the end of such three days of grace might properly be taken into consideration in the computation of interest. But it is argued that with reference to the notes under consideration there were no days of grace authorized under our statute. because the notes were non-negotiable under the provisions of our statute, and the determination of this court. We may concede that they were non-negotiable because of a provision authorizing the collection of 10 per cent. attorneys fees if the notes were placed in the hands of attorneys for collection; but we are unable to agree with counsel that such fact defeats the right of the debtor to days of grace allowed by the statute. The notes were negotiable in form. They were a promise "to pay to the order of E. E. Van Slyke" the amount specified.

There are two provisions of our statute which bear directly on this subject. Sec 3660 Wils. Stat. provides:

"Days of grace, to be computed as above, shall be allowed for the payment of all promissory notes, bills of exchange and drafts. on the face of which time is given or specified." Sec. 3698 provides:

"A promissory note is an instrument negotiable in form whereby the signer promises to pay a specified sum of money."

As the notes in question were made payable to the order of E. E. Van Slyke, they were negotiable in form, notwithstanding the subsequent provision in the notes for attorneys fees.

The language "to the order of E. E. Van Slyke" gave to them the character of negotiability, and we think satisfied the definition of sec. 3698, defining a promissory note, and brought the instruments directly within the provisions of sec. 3660, which provides that days of grace shall be allowed for the payment of all promissory notes on the face of which time is given or specified.

We are not satisfied, however, that if the contention of the plaintiff in error was admitted, to wit: that $1.00 in excess of 12 per cent. per annum was contracted for the same would forfeit the right of plaintiff to collect interest on the notes, under the facts and circumstances of this case; for it was manifestly not the intention of either party to enter into an usurious agreement.

The manner in which the amount of interest was determined, to-wit: the use of an interest table, showing the amount of interest that would accumulate upon the amount of money involved at the rate of 12 per cent for the space of six months, and the adoption of such computation negatives an intent or purpose to charge, demand or receive a sum in excess of 12 per cent on the amount for which notes were given.

In the case of *The Bank of the United States v. Waggener, et al.,* 34 U. S. 379, the supreme court of the United States, in an opinion by Mr. Justice Story, held as follows (quoting from the syllabus) :

"In construing the usury laws, the uniform construction in England has been, and it is equally applicable here, that to constitute usury within the prohibitions of the law, there must be an intention knowingly to contract for and take usurious interest; for if neither party intend it and act *bona fide* and innocently, the law will not infer a corrupt agreement."

The subject has been passed upon by several of the states as follows:

"In determining the question of usury the intention of the parties should govern, without regard to the form of the contract." *Cooper v. Hock* 27 Ill. 301.

"Usury depends on the intention, and where more than legal interest has been taken, the jury must find the intention so to take it." *Duvall v. Farmers Bank,* 7 Gill & J. (Md.) 44.

"Whether the transaction is a usurious one depends upon the intention of the parties, and that is a question for the jury." *Thurston v. Cornell* 38 N. Y. 218.

"There must be an intent to take unlawful interest, to constitute usury. There can be no usury where the amount taken in the contract for interest in excess of 10 per cent. per annum was reserved through a mistake or ignorance of the fact that it was in such excess. If the lender by mistake of fact, by error in calculation, or by inadvertence in the insertion of a date, contracts to receive an illegal rate of interest, such mistake, error, or inadvertence will not stamp the taint of usury on such engagement, nor cause to be visited upon him, who did not knowingly and intentionally disregard the law in this behalf, the highly penal consequences of an usurious offense." *Garvin v. Linton,* 35 S. W. 430;

Citing *Moody v. Hawkins* 25 Ark. 191 and *Bank v. De Show,* 41 Ark. 331.

In this case the parties in interest undoubtedly intended to contract for interest at 12 per cent; the trial court so regarded the transaction, and there was evidence warranting such conclusion.

It remains only to consider the third proposition of the plaintiff in error:

"The contract was impossible of performance, for the reason that plaintiff was unable to obtain the title to the lands contemplated."

We are unable to perceive how the defendant in error is to be held responsible for this failure of the hopes and expectations of the plaintiff in error.

He gave the bank his notes and securities for $1650.00 and received therefor a certificate of deposit for $1600.00 and an additional credit upon his personal account for $50.00, either of which the bank was liable to pay at any time when the plaintiff in error was able to consummate his plans; and so long as he held this certificate his notes were security therefor, and the interest was accumulating thereon to the same extent as though he had taken the cash instead of such certificates, and the holding of the trial court that he was liable for such interest until the transaction was closed was not erroneous.

Finding no reversible error in the record, the judgment of the court below will be affirmed with costs.

Hainer, J., who presided in the court below, not sitting; all the other Justices concurring.