## GRIMES v. WILSON.

No. 1202.    Opinion Filed November 18, 1911.

(120 Pac. 294.)

1.  **APPEAL AND ERROR**—Review—Sufficiency of Evidence.  Where the evidence reasonably tends to support a verdict, it will not be disturbed on appeal.

2.  **EVIDENCE**—Admissions.  It is not error to admit in evidence the statement of a witness set out in a motion for continuance, where, in order to prevent a continuance, the opposite party admits that the witness, if present, would testify as stated in the motion.

(Syllabus by Rosser, C.)

*Error from Comanche County Court; James H. Wolverton, Judge.*

Action by W. E. Wilson against E. G. Grimes.    Judgment for plaintiff, and defendant brings error.    Affirmed.

*Hussey & Japp,* for plaintiff in error.

*H. F. Tripp,* for defendant in error.

Opinion by ROSSER, C.    This was a suit by defendant in error, W. E. Wilson, hereinafter called plaintiff, against plaintiff in error, E. G. Grimes, hereinafter called defendant, to recover certain commissions which Wilson claimed that Grimes owed him for selling a certain school land lease.    There was a judgment for plaintiff, and defendant appeals.    Defendant asks to have the case reversed upon the ground that the evidence shows that in making the contract he was only acting as the agent of his sister, who was the owner of the lease, and that he disclosed this fact to plaintiff at the time the contract was made.    If the evidence does show this, defendant is right in his contention. (31 Cyc. 1563.)

It is admitted by all parties that the title to the lease was in defendant's sister, and plaintiff admits that the defendant told him at the time the lease was listed with him for sale that the

lease was in his sister's name; but he further testified that defendant told him that the land was held by his sister for him, because he held one lease in his own name, and the territory of Oklahoma did not allow an individual to hold a lease on more than one quarter section. The statement of B. H. Howle, 'as contained in the motion for continuance, and which was read by the plaintiff at the trial, was to the same effect. It further appears from the evidence that the purchase price of the lease was sent by the purchaser from his home in Ohio to the defendant at Lawton, although the sister, who the defendant claims was the owner of the lease, lived in Nebraska at the time. The defendant did not testify that he ever sent the purchase money, or any part of it, to his sister. The sister, whom he claimed was the owner of the lease, did not testify in the case. The plaintiff wrote several letters to defendant's father with reference to the lease, as follows:

"Aug. 4, 1906. G. W. Grimes, Sterling, Neb.—Dear Sir: Those letters and papers have not as yet came, and the party has the money, and is getting anxious. I do not feel any need of this delay, so if possible hurry the matter up. Respectfully, W. E. Wilson.

"Walters, Okla., July 11, 1906. Mr. G. W. Grimes, Sterling, Neb.—Dear Sir: Please send the release to the Walters National Bank with instructions to send to you net $500.00. Everything is all right here now to close up the deal. Your son tells me that you are off the market on your deeded quarter. I would like to know your pleasure in the matter, as I have a buyer for the place. Hoping to hear from you soon, I remain, Respectfully, Wm. E. Wilson.

"Walters, Okla., June 21, 1906. Mr. G. W. Grimes, Sterling, Neb.—Dear Sir: Yours of the 16th at hand and contents noted. I will say the S. E. ¼ is sold to C. B. Tracy. This you value at $500.00. Mr. Tracy will have an option of sixty days. He has placed $15.00 in the bank here subject to the proper papers. We will wait until Mr. Tracy gets all of his money here, that is the balance of the $500.00. I can sell the S. W. ¼ in a few days I think. I will do my best on the other lands you mentioned. I will write you in time so you can get up the papers."

The plaintiff testified that he wrote to G. W. Grimes, the defendant's father, under the instructions of the defendant. Defendant's father testified that plaintiff wrote to him and requested payment of the commission, and told him that he (the plaintiff) hoped that he would not treat plaintiff as defendant had done. He did not produce this letter, but testified from recollection as to its contents. He was corroborated by another daughter, a sister of the defendant, as to the contents of the letter. He also testified that plaintiff made a verbal demand on. him for the commission. Plaintiff denied writing the letter, and also the verbal demand. Defendant's father had other lands listed with plaintiff for sale. The defendant testified that he told plaintiff he would not take less than $600 net for the lease, and also told him that it belonged to his sister, but denied that he had ever told plaintiff his sister was holding it for him. There was some evidence that defendant had declined an offer of $515 for the land about the time it was listed with plaintiff. After the trade was made, the defendant went to plaintiff's office and offered him $65 in settlement. There was a conflict in the testimony as to whether the defendant, at the time he went to the office, told plaintiff that he had left $65 in the bank for him.

The court instructed the jury that if they found from the evidence that the defendant, at the time he listed the premises with the plaintiff for sale, disclosed to plaintiff that he was acting as the agent for his sister, and not on his own account, the defendant was not liable. No complaint is made as to the instructions of the court, and they seem to state the law correctly. The statements of plaintiff and Howle to the effect that defendant said the lease was his property, though held by his sister because by the laws of the state he could not hold two leases, sufficiently support the theory that defendant was acting in his own behalf, and not for his sister, and this view is corroborated by the fact that the money was sent to defendant instead of his sister, who he claims owned the lease. It is also significant that, while his father, sister, and brother-in-law testified in the case, the sister who he claims owned the lease was not a witness, nor

did he claim at any time that he had sent the purchase price to her. Contents of the letters produced at the trial written by plaintiff to defendant's father are not irreconcilable with plaintiff's theory that defendant owned the lease.

There being a conflict in the testimony as to whether or not he was acting as agent for his sister or upon his own account in listing the land for sale, it was a question for the jury, and their verdict, being reasonably supported by the evidence, will not be disturbed. *Hussey v. Blaylock,* 21 Okla. 220, 95 Pac. 773; *Chicago, R. I. & P. R. Co. v. Broe,* 23 Okla. 396, 100 Pac. 523; *Wade v. Cornish,* 23 Okla. 40, 99 Pac. 643; *Armstrong, Byrd & Co. v. Crump,* 25 Okla. 452, 106 Pac. 855; *Kaufman v. Boismier,* 25 Okla. 252, 105 Pac. 326; *McCann v. McCann,* 24 Okla. 264, 103 Pac. 684, and cases cited there.

Defendant also assigns as error the admission in evidence by the trial court of the statement of B. H. Howle, as contained in the affidavit for continuance. It is stated in the brief of defendant that:

"At no stage of the proceeding did the plaintiff ask for a continuance for the want of certain evidence, but, during the redirect examination of the defendant in error, they offered this affidavit for continuance over the objection of the plaintiff in error. This is an *ex parte* affidavit, and the plaintiff in error had no opportunity to examine the witness. The admission of this affidavit on the part of the court was a gross error effecting (affecting) the substantial rights of this plaintiff to (in) error."

If the statement of defendant with reference to the affidavit is true, it was certainly a gross error for the court to admit it in evidence.

An examination of the record, however, fails to corroborate defendant's version of the facts with reference to the affidavit for continuance. It appears from the amendment to the case-made, which was filed in this court after the ·brief of plaintiff in error was filed, that the plaintiff did present the affidavit for a continuance to the trial court and asked to have the case continued upon the ground set out in the affidavit. It further appears that the motion for a continuance was sustained, and that

the defendant then admitted that the witness B. H. Howle would testify as stated in the affidavit, and that the case then proceeded to trial. Defendant, having forced the plaintiff to trial, by admitting that the witness would testify as stated in the affidavit, cannot complain of its admission in evidence. Section 5836, Comp. Laws 1909.

This case should therefore be affirmed.

By the Court: It is so ordered.

All the Justices concur.