# GAULT v. THURMOND.

No. 2868.    Opinion Filed November 18, 1913.

(136 Pac. 742.)

1. **APPEAL AND ERROR—Presentation for Review—Exclusion of Evidence.** In order that this court may consider assignments of error relating to the exclusion of evidence, there must be a showing in the record as to what the excluded evidence would have been, before the court can say that there was reversible error in the ruling.

2. **SAME—Harmless Error.** Where the answer of a witness is stricken out on motion duly made, but later on the same witness is permitted to answer practically the same question, no reversible error is committed.

3. **USURY—Action to Recover—Exclusion of Evidence.** It is not error to reject irrelevant and incompetent testimony.

4. **SAME — What Constitutes — Computation of Interest—Days of Grace.** In the calculation of interest at the full legal rate upon promissory notes, executed and payable before the adoption. of the present Negotiable Instrument Act (Sess. Laws 1909, c. 24, pp. 386, 420), it was not usurious to compute the same from the time for which the note was made to run, and three days of grace, the statute in force at the time (Comp. Laws 1909, sec. 4694) allowing three days of grace on all promissory notes, unless expressly stipulated to the contrary.

5. **APPEAL AND ERROR—Findings—Evidence.** Where a case is tried by the court without the intervention of a jury, upon controverted questions of fact, and there is evidence reasonably tending to support the findings made, such findings will not be disturbed on appeal.

6. **USURY—What Constitutes—Fees Paid.** Fees paid by a lender for procuring an abstract of title to real estate, where offered as security for a loan then under negotiation, together with recording fees so advanced, where incurred in good faith, and reasonable, are proper and legitimate charges, and may be included in the note given, without rendering it usurious, even though the total cost to the borrower exceed the lawful rate of interest.

(Syllabus by. Sharp, C.)

*Error from District Court, Dewey County;*
*G. A. Brown, Judge.*

Action by Sam Gault against I. C. Thurmond. Judgment for defendant, and plaintiff brings error. Affirmed.

*D. W. Tracy,* for plaintiff in error.

*George E. Black,* for defendant in error.

Opinion by SHARP, C.   The first, second, and seventh assignments of error are based upon the action of the court in the exclusion of evidence.   While it is doubtful if either of the questions asked were competent, from the character thereof, there being no offer made on the part of counsel as to what the excluded evidence would have been had the court permitted the witness to answer the questions asked, we cannot say that any error was committed.   *Lamont Gas & Oil Co. v. Doop & Frater, ante,* 135 Pac. 392; *Hutchings v. Cobble,* 30 Okla. 158, 120 Pac. 1013; *Turner v. Moore,* 34 Okla. 1, 127 Pac. 487; *Muskogee Electric Traction Co. v. Staggs,* 34 Okla. 161, 125 Pac. 481.

As to the fourth assignment of error, that the court erred in striking out and not considering the answer of the witness Shafter as to the contention of the plaintiff .and defendant, at the time of the attempted adjustment of plaintiff's account, it is only necessary to say that practically the same question was asked and answered by the witness later on in the progress of the trial.

The sixth assignment, that the court erred in excluding the statement of plaintiff's account with the First National Bank of Elk City, is without merit.   The bank was not a party to the suit, nor is it claimed that it had any interest in the controversy, and a statement made by it of the plaintiff's account could in no wise have been binding upon the defendant, and the court properly sustained the defendant's objection to the proffered testimony .on the ground that it was incompetent and irrelevant.   It was not denied that the sum of $400 was originally paid on the note for $2,127.20, on November 23, 1907.   Aside from the fact that the testimony was both incompetent and irrelevant, on the part of plaintiff it was contended that the $400 was never paid back to him, but that instead he was credited on his note.   On the part of the defendant, it was not claimed that the $400 was passed to the plaintiff's account at the bank, but instead was repaid him in cash.

Under the third assignment of error, that the court erred in allowing the defendant to testify as to his intentions in charging and taking usurious interest, no error is presented, for the reason that the trial court found that no usury was contained in the $2,394.87 note, and in the note for $200 found that usury did exist, and imposed the penalty prescribed by article 14, sec. 3, of the Constitution (section 314, Williams' Ann. Ed.).

The fifth assignment of error, it is admitted by counsel, is not sufficient to cause a reversal, and will not be given further consideration.

The eighth and ninth assignments of error are to the effect that the court's findings are not supported by the evidence, and are contrary to law. The tenth assignment is to the effect that it was not shown that certain charges made by defendant for abstract and recording fees had been by him paid out. These several assignments may be considered together. A careful calculation of the interest due, adopting, as did the trial court, the testimony of the defendant and the cashier, Queenan, that, at the time of the execution of the $2,394.87 note, the $400 originally credited on the note for $2,127.20 on November 23, 1907, was returned to plaintiff in cash; and adding to the amount due on the old note, $55, admittedly paid at plaintiff's direction by defendant to Fred L. Wenner, secretary of the state school land board, together with $200 interest for eleven months and one day, with the $12 paid by defendant for abstract and recording fees (to which we shall presently refer), the only usurious interest charged amounted to less than 25 cents. Under the statute in force at the time (section 4694, Comp. Laws 1909), three days of grace for the payment of promissory notes were allowed, in the absence of an express stipulation to the contrary. *Dunbar v. Commercial Electrical Supply Co.,* 32 Okla. 634, 123 Pac. 417. Including days of grace, and the item expended for abstract and recording fees, no usury attached. The exact question was passed upon by this court in *Sullins et al. v. Farmers' Exchange Bank,* 17 Okla. 419, 87 Pac. 857, 10 L. R. A. (N. S.) 839, where it was said:

"Counsel for plaintiff in their brief admit that interest is chargeable, in proper cases, on the period of grace allowed; which is probably correct, because of the fact that the law concerning contracts enters into and forms a part thereof, and as no remedy is allowed for its enforcement until the lapse of the three days of grace, the end of such three days of grace might properly be taken into consideration in the computation of interest."

While the testimony as to the item of $400 was conflicting, and, if in fact it was not repaid, the $2,394.87 note was clearly usurious, yet to this fact both the defendant and the witness Queenan testified in positive terms, and the trial court, from the evidence adduced, found that no usurious interest was charged, reserved, or deducted by the defendant. This court will not disturb the findings of the trial court on the facts, where there is any material evidence reasonably tending to support such finding. *Hobbs v. Smith,* 27 Okla. 830, 115 Pac. 347, 34 L. R. A. (N. S.) 697; *Grimes v. Wilson,* 30 Okla. 322, 120 Pac. 294; *Lynch et al. v. Halsell,* 34 Okla. 307, 125 Pac. 725; *Kennedy v. Pawnee Trust Co.,* 34 Okla. 140, 126 Pac. 548.

Likewise, the court found that deductions had been made by the defendant to secure abstracts and to pay recording fees. Plaintiff's note of $2,394.87 was secured by real estate mortgage on land in Dewey county, as well as by personal property in said county, which mortgages were duly placed of record. The defendant testified as to the items entering into the large note, which included, as stated by him, "about $12 for abstract and recording fees of his papers." While there is no positive testimony that this money was actually paid out for an abstract and for recording fees, in the absence of any evidence to the contrary, we think it fairly inferable that this item was expended by defendant for the purposes named. Such charges may properly be made. Procuring an abstract of title of real estate, where offered as security for a loan, is a proper and legitimate charge, and when advanced by the lender may be included in the note given. *Sidway v. Harris,* 66 Ark. 387, 50 S. W. 1002; *McCall v. Herrin,* 118 Ga. 522, 45 S. E. 442; *Cobe v. Guyer*

*et al.,* 237 Ill. 516, 86 N. E. 1071; *Comstock v. Wilder et al.,* 61 Iowa, 274, 16 N. W. 108; *Daley et al. v. Minnesota L. & I. Co.,* 43 Minn. 517, 45 N. W. 1100.

The judgment of the trial court should be affirmed.

By the Court: It is so ordered.