## KAISER v. GEIS.

No. 5804.    Opinion Filed November 23. 1915.

(153 Pac. 148.)

1.    SALES—Remedy of Buyer—Recovery of Price Paid.    A. offered to purchase of B. fat hogs fit for market. In response to such offer, B. informed A. that he had four such hogs, one a male, and B. agreed to buy them, provided the male had been gelded and was smooth and fit for market.    B. delivered to A.'s agent four hogs, three according to contract, but the fourth was a boar, and not marketable.    Held: (1) That the contract was severable; (2) that, as far as the boar was concerned, there had been no meeting of minds of the parties, and consequently no contract; (3) A.'s agent having paid for the boar without the knowledge of A. that it was not the hog he contemplated purchasing, A. can recover the amount paid from B.

2.    APPEAL AND ERROR—Verdict—Excessive Recovery—Trifling Amount.    Where complaint is made that the verdict is $1.33 excessive, the maxim that the law does not concern itself with trifles applies, and the verdict will not be disturbed.

(Syllabus by Devereux, C.)

*Error from County Court, Alfalfa County;*
*F. M. Gustin, Judge.*

Action by Fred Geis against H. F. Kaiser.    Judgment for plaintiff, and defendant brings error.    Affirmed.

This action was to recover $22.20, the amount paid by the defendant in error for a boar purchased from the plaintiff in error.    The plaintiff testified that he was purchasing hogs to sell at Wichita, and that boars were not marketable on that market; that on the morning of December 2, 1911, he talked with the plaintiff in error over the phone, and asked him if he had any fat hogs ready to ship; that defendant answered that he had four, one a male; that defendant in error asked him if the male hog had been "worked on" and was smooth and all right, and

said if he answered this description, he would purchase him; that defendant below answered "Yes," and plaintiff thereupon agreed to purchase the hogs. There was evidence tending to show that the terms "smooth and all right," when used in connection with purchasing hogs to be shipped to market, never refers to boars, but is understood only to refer to sows and gelded males. There was also evidence tending to show that the defendant in error did not receive these hogs himself, and that the boar was received and paid for by a person who agreed to do this for him, and this person did not know when he received the hogs that the one in question was a boar. There was evidence tending to show that the defendant in error discovered the evening of the same day that the boar was delivered, instead of the stag, and telephoned to plaintiff in error that there had been a mistake, and that he had delivered a boar instead of a smooth stag, and that the boar was not fit for market purposes; that defendant in error had no use for him, and that the plaintiff in error could get him whenever he came in. Plaintiff in error answered that he did not wish to take the boar back to his farm, as he might have become infected with the hog cholera. There was much other evidence to sustain the issue on the part of the plaintiff. There was much evidence introduced by the defendant directly contradicting that on behalf of the plaintiff, but the verdict in favor of the plaintiff makes it unnecessary to set it out. There was no exception to the charge as given, but exception was saved to the refusal of the court to give certain instructions, which are as follows:

"You are instructed that a party that wishes to rescind a contract upon any ground must act promptly upon discovering the facts, and must restore to the other party

everything of value which he has received from him under the contract, or must offer to restore the same upon condition that the other party shall do likewise, and in this case you must not only find from a preponderance of the evidence that the parties hereto made a mistake as hereinbefore defined to you, but you must also find in like manner that the plaintiff complied with the duty defined in this instruction, before you can find in favor of the plaintiff on the ground of mistake."

"In connection with the last foregoing instruction, you are instructed that a party attempting to rescind a contract on any ground must restore, or offer and be able and willing to restore, to the other party, the property which has been received under the contract in the same condition which the property was in when it was received, and, if he does not or cannot do so, then he cannot rescind the contract."

"You are instructed that, if you find and believe from the evidence that the plaintiff and defendant had a conversation over the telephone in which the defendant agreed to sell and plaintiff to purchase an animal described as a male hog and as smooth and all right, and the defendant delivered such hog to the plaintiff and received payment therefor, then you should find for the defendant, unless you are convinced by a preponderance of the evidence that the hog was not as described in the said conversation, or unless you are convinced by such preponderance of the evidence that the defendant told the plaintiff that the hog had been castrated."

There was a verdict and judgment for the plaintiff, and the defendant brings the case to this court by petition in error and case-made.

*A. C. Beeman,* for plaintiff in error.

*A. J. Titus,* for defendant in error.

Opinion by DEVEREUX, C. (after stating the facts as above). The plaintiff in error proceeds on the theory

that this is an action to cancel a contract, but under the finding of the jury there was no contract to cancel. It is apparent from the plaintiff's evidence that as far as the boar was concerned there never had been a meeting of the minds of the parties. In the light of the finding of the jury, the plaintiff below offered to purchase four hogs fit for market, and was led to believe that the hog in question was a stag which had been castrated and was smooth and marketable. Instead of a hog of this description, the plaintiff in error delivered a boar hog, not fit for market, and which did not correspond with the hog that defendant in error offered to buy. There had therefore never been a meeting of the minds of the contracting parties, as far as this hog was concerned. The contract for the purchase of the four hogs was not, under the evidence, an entire contract. The defendant in error wished to buy fat hogs ready for market, and the plaintiff in error informed him that he had four of this description, one a male. The defendant then agreed to buy the hogs, including the male, provided he had been gelded, and was smooth. The male hog delivered did not meet these requirements, and therefore, as far as he was concerned, there was no contract, and the plaintiff in error having received the purchase price, without fault or negligence on the part of the defendant in error, the defendant in error can recover it in an action for money had and received. In 1 Paige on Contracts, page 127; section 74, it is said:

"A. makes an offer to B. concerning a certain subject-matter, X, and B. understands that A. is making an offer concerning Y, and accepts the offer concerning Y; no contract exists."

And see *Hogue v. Mackey*, 44 Kan. 277, 24 Pac. 477. In *Lowe v. Wells Fargo & Co.*, 78 Kan. 105, 96 Pac. 74,

it is held that, where money is paid under a mistake of fact, it may be recovered.

Plaintiff in error's requested instruction No. 2, above set out, is fairly covered by the general charge, and there was no error in refusing to give the others.

It is also contended that the verdict is excessive in the amount of $1.33. This fairly comes under the maxim that the law does not concern itself with trifles. In *Sullins v. Farmers' Exchange Bank*, 17 Okla. 419, 87 Pac. 857, 10 L. R. A. (N. S.) 839, the amount of interest charged exceeded the maximum allowed by statute by $1, but the court declined to hold the contract usurious. And see Broom's Legal Maxims, p. 118.

We have carefully examined the record and briefs in this case, and are satisfied that there was no prejudicial error.

We therefore recommend that the judgment be affirmed.

By the Court: It is so ordered.