WALTER B. HOBART v. DESIRE H. MICHAUD AND
ANOTHER.[1]

April 1, 1926.

No. 25,201.

**Usury not proved.**

1. Evidence considered and *held* that it does not establish the charge of usury set forth in the complaint and therefore plaintiff was not entitled to the relief asked for.

**Burden of proving usury on person who charges it.**

2. The burden is upon the party alleging the charge of usury to negative by competent proof every fact which if true would render the transaction lawful.

**Payment of commission.**

3. Payment of a commission, to an agent of the borrower, by the lender does not render the loan usurious.

**Retention by lender of sum for his services and not for use of money.**

4. The retaining by the lender, with the assent of the borrower, of a sum out of the amount loaned for services rendered by the lender to the borrower, and not for the use of the money, does not render the transaction usurious.

[1] Reported in 208 N. W. 191, 209 N. W. 39.

Usury, 39 Cyc. p. 980 n. 48; p. 981 n. 58; p. 982 n. 63, 64; p. 1051 n. 42; p. 1056 n. 79.

See note in 21 A. L. R. 797, et seq.
See notes in 19 L. R. A. (N. S.) 391; 46 L. R. A. (N. S.) 1157; 27 R. C. L. p. 236; 4 R. C. L. Supp. p. 1749.

Action in the district court for Ramsey county to restrain the foreclosure of a real estate mortgage and for other relief. The case was tried before Orr, J., who ordered judgment in favor of defendant Michaud. Plaintiff appealed from the judgment. Reversed after reargument and new trial granted.

*Norton & Norton,* for appellant.

*Oppenheimer, Dickson, Hodgson, Brown & Donnelly,* for respondent.

QUINN, J.

This is an action brought to restrain the foreclosure of a real estate mortgage, expunge it from record and to cancel the note secured thereby upon the ground that the indebtedness represented thereby is tainted with usury. The foreclosure was for the full amount of the note with interest. The cause was tried to the court, findings were made and judgment ordered in favor of the defendant Michaud. From a judgment entered upon the order, plaintiff appealed.

There is no conflict in the evidence except as to the claim of plaintiff that the respondent retained the sum of $100 from the amount of the loan as a commission to himself. The respondent admits that he retained $261.10 from the amount loaned, but he claims that he disbursed the same in payment of the expenses of making the loan, which plaintiff was liable for, as follows: $110 to Adelard Michaud as a commission for making the loan for appellant; $50 to respondent's attorney for examining the abstract and passing upon the title to the land; $1.10 for revenue stamps on note and $100 to himself for services in making an examination of the land and placing a value thereon as security for the loan.

Plaintiff was in need of a loan of $5,500 and so informed Adelard Michaud who undertook to procure the loan for plaintiff. He inter-

viewed respondent and arranged for a meeting at the latter's office on September 14, 1923, at which time he went with plaintiff's father and talked the amount of the loan and the security over with respondent. The note for $5,500, payable in 90 days with interest at the rate of 6 per cent per annum, together with the mortgage in question securing the payment thereof, was prepared. Respondent required that the note and mortgage be executed, the mortgage recorded, and an abstract of title to the land, showing the record of the mortgage. The requirement was complied with, plaintiff paying the expenses thereof. In the meantime, respondent examined the land in company with appellant. The note, mortgage and abstract were delivered on the eighteenth of September, examined and approved by Mr. O'Neill, respondent's attorney, and the transaction closed by respondent paying the sum of $5,228.90 to appellant.

There is no material dispute in the testimony as to the respondent being a competent person to value the land as security for the loan, nor that the services were of the value charged, and the trial court so found. The sole question for determination is whether the expenses so charged were such as to constitute usury. In other words, do the facts of themselves show an intent on the part of the respondent to take and receive a greater compensation than 10 per cent allowed by law for the future use of the money? See Ward v. Anderberg, 31 Minn. 304, 17 N. W. 630; Swanson v. Realization & Deb. Corp. 70 Minn. 380, 388, 73 N. W. 165. It is the general rule that a lender, acting in good faith, may properly require of the borrower a reasonable compensation for services in connection with a loan in addition to the maximum legal rate, without rendering the loan illegal, even though the services so rendered may be such as the lender would ordinarily perform in his own interest, but the lender will not be permitted to cloak his usurious intent with pretended services. The findings of the trial court are to the effect that there was no such intent or corrupt motive connected with the transaction, and the evidence supports the findings. 39 Cyc. 981, and cases cited.

In Swanstrom v. Balstad, 51 Minn. 276, 53 N. W. 643, it was held that, upon a loan of money, the retaining by the lender, with the

assent of the borrower, of a sum out of the amount loaned for services rendered by the lender to the borrower, and not for the use of the money, does not make the transaction usurious. The lender may require the borrower to pay for the cost of examining the title to land offered as security and of inspecting and reporting upon the same as security. 39 Cyc. 982, note 63; Daley v. Minn. Loan & Inv. Co. 43 Minn. 517, 45 N. W. 1100. Nor does the payment of a commission to an agent render the transaction usurious. Mackey v. Winkler, 35 Minn. 513, 29 N. W. 337.

While it appears that the services of the lender required but little time and effort, and that the charge therefor was high, yet the borrower made no protest but quietly acquiesced until pay day. The learned trial court found from the evidence that the services were so rendered and that they were of the value charged. There was proof in support of these findings and this court cannot interfere therewith. There was a specific finding that the $260 was disbursed for expenses in connection with the loan and that no part of it was retained by the lender as commission nor for the use of the money. The burden, of course, was upon the borrower to establish the charge of usury. Central B. & L. Assn. v. Lampson, 60 Minn. 422, 424, 62 N. W. 544; Yellow Medicine Co. Bank v. Cook, 61 Minn. 452, 458, 63 N. W. 1093; Saxe v. Womack, 64 Minn. 162, 167, 66 N. W. 269.

Affirmed.

DIBELL and STONE, JJ. (dissenting).
We dissent.

On May 14, 1926, the following opinion was filed:

PER CURIAM.
Having reconsidered this case after reargument, we are of the opinion:

(1) That perhaps the language in the former opinion indicating that Adelard Michaud was the agent of the borrower, should not

have been used nor that he undertook to procure the loan for plaintiff; and

(2)   That the authorities cited may not be applicable to the facts as they are eventually determined herein, and what is said in the former opinion shall in no way be controlling on the facts developed on the new trial; and

(3)   That the trial court rendered his decision upon the theory that the issue did not involve a determination of two important questions, namely:   (a) Whether defendant as a matter of law could charge the borrower $100 for examining the property to be mortgaged and escape the penalties of usury; and (b) whether defendant is entitled to charge a commission of $110 for Adelard Michaud.

We think these questions are of vital importance and must be passed upon by the trial court.   Failure to make the required findings requires a new trial and the judgment is reversed and a new trial is granted.